UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

MIAMI BEVERLY, LLC                                 CASE NO. 18-14506-BKC-LMI
                                                   Chapter 11
      Debtor                                       Lead Case
_____/

1336 NW 60, LLC                                    CASE NO. 18-14509-BKC-LMI
                                                   Chapter 11
      Debtor
_____/

THE HOLDINGS AT CITY, LLC                          CASE NO. 18-14512-BKC-LMI
                                                   Chapter 11
      Debtor
_____/

13300 ALEXANDRIA DR. HOLDINGS, LLC                 CASE NO. 18-14511-BKC-LMI
                                                   Chapter 11
      Debtor
_____/

REVEREND, LLC                                      CASE NO. 18-14510-BKC-RAM
                                                   Chapter 11
      Debtor
_____/

**DEBTORS' EX PARTE MOTION FOR JOINT ADMINISTRATION**

Debtors-in-Possession, Miami Beverly, LLC ("Beverly") 1336 NW 60, LLC ("1336"), The Holdings at City, LLC ("Holdings"), 13300 Alexandria Dr. Holdings, LLC ("Alexandria") and Reverend, LLC ("Reverend") (Collectively the "Debtors") through its proposed[1] undersigned counsel, files their Motion for Joint Administration (the "Motion"), pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(B)(2)(a), and in support thereof states as follows:

---

[1] Debtors will submit applications to employ contemporaneously with the filing of this Motion.

1. On April 17, 2018, Beverly, 1336, Holdings, Alexandria and Reverend filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Beverly is the first-filed case, which is presided over by Honorable Laurel M. Isicoff. As such, Beverly should be the lead case. With the exception of Reverend's case,[2] all other cases are presided over by the Honorable Laurel M. Isicoff.

3. The Debtors should be jointly administered because they are all affiliated with each other. The five Debtors are indebted to City of Miami, City of Miami holds a lien on various parcels of land owned by each of the Debtors, all are owned by the same members, and are otherwise managed under the same common receivership. All issues are the same across all cases.

4. The Debtors submit that joint administration of their chapter 11 cases will obviate the need for duplicative notices, motions, applications, hearings and orders. This will save considerable time and expense for the Debtors and their estates and free the Court from the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

5. Pursuant to the requirements of Local Rule 1015-1(B)(1), the Debtors state that joint administration will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities and will continue to maintain separate books and records. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

---

[2] The Reverend case, In re Reverend, LLC, Case No. 18-14510, is presided over by the Honorable Robert A. Mark. Contemporaneously with the filing of this Motion, Debtor Reverend will file its *Debtor's Ex Parte Motion to Transfer the Case For Purpose of Joint Administration*.

6. Bankruptcy Rule 1015(b) provides in pertinent part: "If a joint petition, or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates. F.R.B.P. Rule 1015(b).

7. As described above, the Debtors' are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. See In re GlycoGenesys, Inc., 352 B.R. 568 (Bankr.D.Mass. 2006) In re PL Liquidation Corp., 305 B.R. 629, 633 (Bankr.D. Del. 2004). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping. Accordingly, this Court is authorized to grant the relief requested.

8. Finally, joint administration will result in simplified supervision of the administrative aspects of the Debtors' chapter 11 cases by the Office of the United States Trustee.

9. The interests of the Debtors, their estates, and all parties in-interest would be best served by joint administration of the Debtors' chapter 11 cases.

[SPACE INTENTIONALY LEFT BLANK.
MOTION CONTINUES ON NEXT PAGE]

WHEREFORE, the Debtors, respectfully requests the entry of an Order, ex parte basis, approving the joint administration of their bankruptcy cases, with Beverly being the lead case, and 1336, Holdings, Alexandria and Reverend as member cases, and for such other and further relief as the Court deems just and proper.

Dated: April 18, 2018

        LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Proposed Bankruptcy Counsel for the Debtor-in-Possession
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
    IDO J. ALEXANDER, ESQ.
    Florida Bar No. 51892
    ija@lsaslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on April 17, 2018 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
    IDO J. ALEXANDER, ESQ.