UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          CASE NO. 18-14506-BKC-LMI
MIAMI BEVERLY, LLC                              Chapter 11 (Lead Case)
                                                Jointly Administered
1336 NW 60, LLC                                 CASE NO. 18-14509-BKC-LMI
REVEREND, LLC                                   CASE NO. 18-14510-BKC-LMI
13300 ALEXANDRIA DR HOLDINGS, LLC               CASE NO. 18-14511-BKC-LMI
THE HOLDINGS AT CITY, LLC                       CASE NO. 18-14512-BKC-LMI
        Debtors.
_____/

### EQUITY HOLDERS' OBJECTION TO CLAIMS FILED
### BY TENANTS AND FORMER TENANTS
### (Claims against Miami Beverly, LLC, case no. 18-14506-LMI, 6040 NW 12th Avenue apartment)

### IMPORTANT NOTICE TO CREDITORS:
### THIS IS AN OBJECTION TO YOUR CLAIM

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf or as listed on the Schedules filed by the Debtor in this matter. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed or scheduled, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a Chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.**

Pursuant to Bankruptcy rule 3007 and Local Rule 3007-1, the equity interest holders in the Debtors object to the following claims filed in this case:

**Claim No.**: POC 3 – Miami Beverly LLC, case 18-14506

**Name of Claimant**: Gaynisha Williams, c/o LSGMI Attention: Rebecca Parsons Schram, Esq. 4343 West Flagler Street, Suite 100, Miami, FL 33134; email RSchram@legalservicesmiami.org.

**Amount of Claim**: $317,641.16

**Objection/Recommended Disposition of Claim**: Claim is unliquidated, disputed and materially overstates actual provable damages (for example, despite claimant having commenced the complaint in 2015 – more than three years ago – upon information and belief, claimant has yet to produce a single medical record to support any physical injury, much less an injury attributable to the condition of the apartment; moreover, claimant has been allowed to continue to reside in her apartment without paying rent during this bankruptcy), if any, suffered by claimant. Equity holders move to dismiss the first amended complaint, which is the basis of the proof of claim, as an impermissible 'shot-gun" pleading. To the extent the court does not dismiss the first amended complaint, equity holders adopt the answer and affirmative defenses filed to claimant's first amended complaint in the US District Court, which are attached hereto as Exhibit A, but fully reserve their right to amend and supplement their affirmative defenses as discovery continues. The claim should be allowed in the reduced amount of $15,000.00 including attorney's fees and costs if claimant is entitled to same under applicable law.

**Claim No.**: POC 4 – Miami Beverly LLC, case 18-14506

**Name of Claimant**: Nathanael Mars, c/o LSGMI Attention: Rebecca Parsons Schram, Esq. 4343 West Flagler Street, Suite 100, Miami, FL 33134; email RSchram@legalservicesmiami.org.

**Amount of Claim**: $267,641.16

**Objection/Recommended Disposition of Claim**: Claim is unliquidated, disputed and materially overstates actual provable damages (for example, despite claimant having commenced the

complaint in 2015 – more than three years ago – upon information and belief, claimant has yet to produce a single medical record to support any physical injury, much less an injury attributable to the condition of the apartment), if any, suffered by claimant.  Equity holders move to dismiss the first amended complaint, which is the basis of the proof of claim, as an impermissible 'shot-gun" pleading.  To the extent the court does not dismiss the first amended complaint, equity holders adopt the answer and affirmative defenses filed to claimant's first amended complaint in the US District Court, which are attached hereto as Exhibit A, but fully reserve their right to amend and supplement their affirmative defenses as discovery continues.  The claim should be allowed in the reduced amount of $15,000.00 including attorney's fees and costs if claimant is entitled to same under applicable law.

**Claim No.**: POC 5 –  Miami Beverly LLC, case 18-14506

**Name of Claimant**:  Lakeisha Chatfield, c/o LSGMI Attention: Rebecca Parsons Schram, Esq. 4343 West Flagler Street, Suite 100, Miami, FL 33134; email RSchram@legalservicesmiami.org.

**Amount of Claim**:    $317,641.16

**Objection/Recommended Disposition of Claim**:  Claim is unliquidated, disputed and materially overstates actual provable damages (for example, claimant is seeking $317,000 of damages when she admits she only resided in the apartment from May 2014 to December 2014 – less than six months; again upon information and belief, claimant has yet to produce a single medical record to support any physical injury, much less an injury attributable to the condition of the apartment), if any, suffered by claimant.  Equity holders move to dismiss the first amended complaint, which is the basis of the proof of claim, as an impermissible 'shot-gun" pleading.  To the extent the court does not dismiss the first amended complaint, equity holders adopt the answer and affirmative defenses filed to claimant's first amended complaint in the US District Court, which are attached

hereto as Exhibit A, but fully reserve their right to amend and supplement their affirmative defenses as discovery continues.  The claim should be allowed in the reduced amount of $15,000.00 including attorney's fees and costs if claimant is entitled to same under applicable law.

**Claim No.**: POC 6 –  Miami Beverly LLC, case 18-14506

**Name of Claimant**:  Shannon Daniels, c/o LSGMI Attention: Rebecca Parsons Schram, Esq. 4343 West Flagler Street, Suite 100, Miami, FL 33134; email RSchram@legalservicesmiami.org.

**Amount of Claim**:    $317,641.16

**Objection/Recommended Disposition of Claim**:  Claim is unliquidated, disputed and materially overstates actual provable damages (for example, claimant is seeking $317,000 of damages when she admits she only resided in the apartment from May 2014 to August 2014 – less than three months; she is not even claiming a physical injury, rather she alleges she lost her belongings through a sewage leak, which while obviously regrettable, does not support a $317,000 damage claim), if any, suffered by claimant.  Equity holders move to dismiss the first amended complaint, which is the basis of the proof of claim, as an impermissible 'shot-gun" pleading.  To the extent the court does not dismiss the first amended complaint, equity holders adopt the answer and affirmative defenses filed to claimant's first amended complaint in the US District Court, which are attached hereto as Exhibit A, but fully reserve their right to amend and supplement their affirmative defenses as discovery continues.  The claim should be allowed in the reduced amount of $15,000.00 including attorney's fees and costs if claimant is entitled to same under applicable law.

**Claim No.**: POC 7 –  Miami Beverly LLC, case 18-14506

**Name of Claimant**:  Lakeisha Chatfield on behalf of her daughter TC, c/o LSGMI Attention:

Rebecca Parsons Schram, Esq. 4343 West Flagler Street, Suite 100, Miami, FL 33134; email RSchram@legalservicesmiami.org.

**Amount of Claim**:    $367,641.16

**Objection/Recommended Disposition of Claim**:  Claim is unliquidated, disputed and materially overstates actual provable damages, if any, suffered by claimant.  Equity holders move to dismiss the first amended complaint, which is the basis of the proof of claim, as an impermissible 'shot-gun" pleading.  To the extent the court does not dismiss the first amended complaint, equity holders adopt the answer and affirmative defenses filed to claimant's first amended complaint in the US District Court, which are attached hereto as Exhibit A, but fully reserve their right to amend and supplement their affirmative defenses as discovery continues.  The claim should be allowed in the reduced amount of $15,000.00 including attorney's fees and costs if claimant is entitled to same under applicable law.

I **CERTIFY** that a copy of the foregoing was served upon all Registered Users via the Court's Notice of Electronic Filing and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1, on September 26, 2018.

AM LAW, LLC
Counsel for the Abraham and Denise Vaknin
7385 SW 87th Avenue, Suite 100
Miami, FL 33173
PH: 305.441.9530
FX: 305.595.5086
*By:/s/ Gary M. Murphree*
Gary M. Murphree, Esq.
FBN 996475
Email: pleadings@amlaw-miami.com; gmm@amlaw-miami.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:17-cv-24117-PCH

GAYNISHA WILLIAMS, NATHANAEL MARS,
SHANNON DANIELS, LAKEISHA CHATFIELD,
and LAKEISHA CHATFIELD ON BEHALF OF
HER MINOR DAUGHTER T.C.,

       Plaintiffs,

vs.

MIAMI BEVERLY, LLC, LIBERTY
APARTMENTS, LLC, FREEDOM
APARTMENTS, LLC, DENISE VAKNIN,
and ABRAHAM VAKNIN,

       Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, MIAMI BEVERLY, LLC, LIBERTY APARTMENTS, LLC, FREEDOM APARTMENTS, LLC, DENISE VAKNIN and ABRAHAM VAKNIN, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, as follows:

    1.    Admit for jurisdiction purposes, denied as phrased.

## PARTIES AND VENUE

    2.    Denied as phrased.

**Defendants**

    3.    Denied as phrased.

    4.    Admitted.

    5.    Admitted.

6.      Admitted.

7.      Denied as phrased.

8.      Denied as phrased.

9.      Denied as phrased.

10.     Admitted.

11.     Admitted.

***Long Arm Jurisdiction***

12.     Denied as phrased.

13.     Denied as phrased.

14.     Denied.

15.     Denied.

16.     Denied.

***Minimum Contacts***

17.     Denied as phrased.

18.     Denied as phrased.

19.     Denied as phrased.

20.     Denied as phrased.

21.     Denied as phrased.

22.     Denied as phrased.

23.     Denied as phrased.

24.     Denied as phrased.

25.     Denied as phrased.

26.     Denied.

27.     Admit a receiver was appointed; otherwise denied.

28.     Admit a receiver was appointed; otherwise denied.

29.     Denied as phrased.

30.     Denied as phrased.

31.     Denied as phrased.

32.     Denied as phrased.

**Plaintiffs**

33.     Admit for jurisdictional purposes; otherwise denied.

34.     Without knowledge; therefore denied.

35.     Denied as phrased.

36.     Denied as phrased.

37.     Denied as phrased.

38.     Without knowledge; therefore denied.

39.     Denied as phrased.

40.     Without knowledge; therefore denied.

41.     Denied as phrased.

42.     Admit for jurisdictional purposes; otherwise denied.

43.     Denied as phrased.

## GENERAL FACTS

44.     Denied as phrased.

45.     Denied as phrased.

46.     Denied as phrased.

47.     Denied as phrased.

48.     Admit a receiver has been appointed; otherwise denied.

49.     Denied as phrased.

50.     Denied as phrased.

51.     Denied as phrased.

52.     Denied as phrased.

53.     Denied as phrased.

**Code Violations**

54.     Denied as phrased.

55.     Denied as phrased.

56.     Admit that the City of Miami Municipal Code speaks for itself; otherwise denied as phrased.

57.     Denied as phrased.

58.     Denied as phrased.

59.     Denied as phrased.

60.     Denied as phrased.

61.     Admit Florida Statutes speak for themselves; otherwise denied.

62.     Admit Florida Statutes speak for themselves; otherwise denied.

63.     Denied as phrased.

64.     Denied as phrased.

65.     Admit City of Miami Municipal Code speaks for itself; otherwise denied.

66.     Denied as phrased.

67.     Denied as phrased.

-4-

**Personal Liability of DENISE VAKNIN and ABRAHAM VAKNIN**

68.     Denied.

69.     Denied as phrased.

70.     Denied as phrased.

71.     Denied as phrased.

72.     Denied as phrased.

73.     Denied as phrased.

74.     Denied as phrased.

75.     Denied as phrased.

76.     Denied as phrased.

77.     Denied as phrased.

78.     Denied as phrased.

79.     Denied as phrased.

80.     Denied as phrased.

81.     Denied as phrased.

82.     Denied as phrased.

83.     Denied as phrased.

84.     Denied.

85.     Denied as phrased.

86.     Denied as phrased.

87.     Denied as phrased.

88.     Denied.

89.     Denied as phrased.

90.   Denied as phrased.

91.   Without knowledge; therefore denied.

### FACTS FOR GAYNISHA WILLIAMS AND
### HER SON, NATHANAEL MARS

92.   Without knowledge; therefore denied.

93.   Without knowledge; therefore denied.

94.   Denied as phrased.

95.   Denied as phrased.

96.   Denied as phrased.

97.   Denied as phrased.

98.   Denied as phrased.

99.   Denied as phrased.

100.  Without knowledge; therefore denied.

101.  Without knowledge; therefore denied.

102.  Without knowledge; therefore denied.

103.  Without knowledge therefore denied.

104.  Denied as phrased.

105.  Without knowledge; therefore denied.

106.  Denied as phrased.

107.  Without knowledge; therefore denied.

108.  Denied as phrased.

109.  Denied as phrased.

110.  Denied as phrased.

111.  Denied as phrased.

112.   Denied as phrased.

113.   Denied as phrased.

114.   Denied as phrased.

115.   Denied as phrased.

116.   Denied as phrased.

117.   Denied as phrased.

118.   Denied as phrased.

119.   Denied as phrased.

120.   Without knowledge; therefore denied.

121.   Without knowledge; therefore denied.

122.   Denied as phrased.

123.   Denied.

124.   Denied as phrased.

125.   Denied as phrased.

126.   Denied as phrased.

127.   Denied.

128.   Denied as phrased.

129.   Denied as phrased.

130.   Denied as phrased.

131.   Denied as phrased.

132.   Without knowledge; therefore denied.

## **FACTS FOR SHANNON DANIELS**

133.   Without knowledge; therefore denied.

134.    Denied as phrased.

135.    Denied as phrased.

136.    Without knowledge; therefore denied.

137.    Without knowledge; therefore denied.

138.    Without knowledge; therefore denied.

139.    Denied.

140.    Denied as phrased.

141.    Denied as phrased.

142.    Denied as phrased.

143.    Denied as phrased.

144.    Without knowledge; therefore denied.

145.    Denied as phrased.

146.    Denied as phrased.

147.    Denied as phrased.

148.    Denied as phrased.

149.    Denied as phrased.

150.    Denied as phrased.

151.    Denied.

**FACTS FOR LAKEISHA CHATFIELD AND HER MINOR DAUGHTER, T.C.**

152.    Denied as phrased.

153.    Without knowledge; therefore denied.

154.    Denied as phrased.

155.    Denied as phrased.

156.    Without knowledge therefore denied.

157.    Without knowledge; therefore denied.

158.    Without knowledge; therefore denied.

159.    Without knowledge; therefore denied.

160.    Denied as phrased.

161.    Denied as phrased.

162.    Denied as phrased.

163.    Denied as phrased.

164.    Denied as phrased.

165.    Denied as phrased.

166.    Denied as phrased.

167.    Denied as phrased.

168.    Without knowledge; therefore denied.

## CLAIMS FOR RELIEF
## FOR GAYNISHA WILLIAMS AND HER SON, NATHANAEL MARS

### Count I: Violation of Fla. Stat. Sec. 83.51:
### Breach of Warranty of Habitability

169.    Defendants restate their responses to paragraphs 1 through 132 as if fully set forth

herein.

170.    Florida Statutes speak for themselves; otherwise denied.

171.    Florida Statutes speak for themselves; otherwise denied.

172.    Florida Statutes speak for themselves; otherwise denied.

173.    Denied.

174.    Denied.

-9-

175.    Denied as phrased.

176.    Denied as phrased.

177.    Denied.

All allegations not specifically admitted are hereby denied.

## COUNT II: VIOLATION OF FLA. STAT. SEC. 83.67(1)
## WATER AND ELECTRICITY SHUT-OFFS/ INADEQUATE GARBAGE COLLECTION

178.    Defendants restate their responses to paragraphs 1 through 132 as fully set forth

herein.

179.    Denied as phrased.

180.    Florida Statutes speak for themselves; otherwise denied.

181.    Without knowledge; therefore denied.

182.    Denied as phrased.

183.    Without knowledge; therefore denied.

184.    Denied as phrased.

185.    Denied as phrased.

186.    Denied as phrased.

187.    Denied as phrased.

188.    Denied.

189.    Florida Statutes speak for themselves; otherwise denied.

All allegations not specifically admitted are hereby denied.

## COUNT III: GROSS NEGLIGENCE FOR NATHANAEL MARS

190.    Defendants restate their responses to paragraphs 1 through 132 as fully set forth

herein.

191.    Florida law speaks for itself; otherwise denied.

-10-

192.    Florida law speaks for itself; otherwise denied.

193.    Florida law speaks for itself; otherwise denied.

194.    Denied as phrased.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Without knowledge; therefore denied.

203.    Denied.

204.    Denied.

All allegations not specifically admitted are hereby denied.

## **COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

205.    Defendants restate their responses to paragraphs 1 through 132 and 169 through 204 as if fully set forth herein.

206.    Florida law speaks for itself; otherwise denied.

207.    Without knowledge; therefore denied.

208.    Denied as phrased.

209.    Denied as phrased.

210.    Denied as phrased.

211.    Denied as phrased

-11-

All allegations not specifically admitted are hereby denied.

## COUNT V: VIOLATION OF FLA. STAT. SEC. 83.44
## VIOLATION OF OBLIGATION OF GOOD FAITH

212.   Defendants restate their responses to paragraphs 1 through 132 and 169 through

211 as if fully set for herein.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

All allegations not specifically admitted are hereby denied.

## COUNT VI: VIOLATION OF FLORIDA'S DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT

219.   Defendants restate their responses to paragraphs 1 through 132 as if fully set for

herein.

220.   Florida Statutes speak for themselves; otherwise denied.

221.   Florida Statutes speak for themselves; otherwise denied.

222.   Florid statuses speak for themselves; otherwise denied.

223.   Denied as phrased.

224.   Denied as phrased.

225.   Admit Florida Statutes speak for themselves; otherwise denied.

226.   Denied.

227.   Denied.

228.    Denied.

229.    Denied.

230.    Admit Florida Statutes speak for themselves; otherwise denied.

231.    Admit Florida Statutes speak for themselves, otherwise denied.

232.    All allegations not specifically admitted are hereby denied.

All allegations not specifically admitted are hereby denied.

### CLAIMS FOR RELIEF
### FOR SHANNON DANIELS

### COUNT VII: VIOLATION OF FLA. STAT. SEC. 83.51
### BREACH OF WARRANTY OF HABITABILITY

233.     Defendants restate their responses to paragraphs 1 through 91; and 133 through 151 as if fully set forth herein.

234.    Florida Statutes speak for themselves; otherwise denied.

235.    Florida Statutes speak for themselves; otherwise denied.

236.    Florida Statutes speak for themselves; otherwise denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

All allegations not specifically admitted are hereby denied.

### COUNT VIII: VIOLATION OF FLA. STAT. SEC. 83.67(1)
### WATER SHUT-OFF AND INADEQUATE GARBAGE COLLECTION

241.    Defendants restate their responses to paragraphs 1 through 91 and 133 through 151 as if fully set forth herein.

242.    Admit Florida Statutes speak for themselves; otherwise denied.

-13-

243.     Denied.

244.     Denied as phrased.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Denied.

All allegations not specifically admitted are hereby denied.

### COUNT IX: VIOLATION OF FLA. STAT. SEC. 83.44
### VIOLATION OF OBLIGATION OF GOOD FAITH

249.     Defendants restate their responses their responses to paragraphs 1 through 91 and

133 through 151 as if fully set forth herein.

250.     Denied.

251.     Denied.

252.     Denied.

253.     Denied.

All allegations not specifically admitted are hereby denied.

### COUNT X: VIOLATION OF FLORIDA'S DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT

254.     Defendants restate their responses to paragraphs 1 through 91 and 133 through

151 as if fully set forth herein.

255.     Florida Statutes speak for themselves; otherwise denied.

256.     Florida Statutes speak for themselves otherwise denied.

257.     Florida Statutes speak for themselves; otherwise denied.

258.     Denied as phrased.

-14-

259. Denied as phrased.

260. Florida Statutes speak for themselves; otherwise denied.

261. Denied.

262. Denied.

263. Denied.

264. Denied.

265. Florida Statutes peak for themselves; otherwise denied.

266. Florida Statutes speak for themselves; otherwise denied.

267. Florida Statutes speak for themselves; otherwise denied.

All allegations specifically not admitted are hereby denied.

### COUNT XI: NEGLIGENT INFLICTION OF EMOTION DISTRESS

268. Defendants restate their responses to paragraphs 1 through 91; 133 through 151; and 241 through 248 as if fully set forth herein

269. Florida law speaks for itself; otherwise denied.

270. Denied.

271. Denied.

All allegations not specifically admitted are hereby denied.

### CLAIMS FOR RELIEF
### FOR LAKEISHA CHATFIELD AND HER MINOR DAUGHTER T.C.

### COUNT XII: VIOLATION OF FLA. STAT. SEC. 83.51
### BREACH OF WARRANTY OF HABITABILITY

272. Defendants and restate their responses to paragraphs 1 through 91; and 152 through 168 as if fully set forth herein.

273. Florida Statutes speak for themselves; otherwise denied.

274.    Florida Statutes speak for themselves; otherwise denied.

275.    Florida Statutes speak for themselves; otherwise denied.

276.    Denied.

277.    Denied.

278.    Denied.

279.    Denied.

280.    Denied.

All allegations not specifically admitted are hereby denied.

<u>**COUNT XIII: VIOLATION OF FLA. STAT. SEC. 83.61(1)**</u>
<u>**INADEQUATE GARBAGE COLLECTION**</u>

281.    Defendants and restate their responses to paragraphs 1 through 91; and 152 through 168 as if fully set forth herein.

282.    Florida Statutes speak for themselves; otherwise denied

283.    Denied

284.    Denied

285.    Denied

286.    Florida Statutes speak for themselves; otherwise denied

All allegations not specifically admitted are hereby denied.

<u>**COUNT XIX: GROSS NEGLIGENCE**</u>

287.    Defendants restate their responses to paragraphs 1 through 91 and 152 through 168 as if fully set forth herein.

288.    Florida law speaks for itself; otherwise denied.

289.    Florida law speaks for itself; otherwise denied.

290.    Florida law speaks for itself; otherwise denied.

291. Florida law speaks for itself; otherwise denied.

292. Denied.

293. Denied.

294. Denied.

295. Denied.

296. Denied.

297. Denied.

298. Without knowledge; therefore denied.

299. Without knowledge; therefore denied.

300. Denied.

301. Denied.

All allegations not specifically admitted are hereby denied.

### COUNT XX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

302. Defendants restate their responses to paragraphs 1 through 91; 152 through 168; and 287 through 301 as if fully set forth herein.

303. Florida law speaks for itself; otherwise denied.

304. Denied.

305. Without knowledge therefore denied.

306. Denied.

307. Denied.

308. Denied.

All allegations not specifically admitted are hereby denied.

-17-

## COUNT XXI: VIOLATION OF FLA. STAT. SEC. 83.44
## VIOLATION OF OBLIGATION OF GOOD FAITH

309.    Defendants restate their responses to paragraphs 1 through 91 and 152 through 168 as if fully set forth herein.

310.    Denied.

311.    Denied.

312.    Denied.

313.    Denied.

All allegations not specifically admitted are hereby denied.

## COUNT XXII: VIOLATION OF FLORIDA'S DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT

314.    Defendants restate their responses to paragraphs 1 through 91 and 152 through 168 as if fully set forth herein.

315.    Florida Statutes speak for themselves; otherwise denied.

316.    Florida Statutes speak for themselves; otherwise denied.

317.    Florida Statutes speak for themselves; otherwise denied.

318.    Denied.

319.    Denied.

320.    Florida Statutes speak for themselves otherwise denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Florida Statutes speak for themselves; otherwise denied.

-18-

326. Florida Statutes speak for themselves; otherwise denied.

All allegations not specifically admitted are hereby denied.

## COUNT XXIII: VIOLATION OF FAIR HOUSING ACT

327. Defendants restate their responses to paragraphs 1through 326 as if fully set forth herein.

328. Admit for jurisdictional purposes.

329. Admit the Fair Housing Act speaks for itself; otherwise denied.

330. Admit the Fair Housing Act speaks for itself; otherwise denied.

331. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

332. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

333. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

334. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

335. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

336. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

337. Admit the Fair Housing Act and federal law speaks for itself; otherwise denied.

338. Denied.

339. Denied.

340. Denied.

341. Denied.

342. Denied.

343. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

A receiver has been court appointed over the subject property and oversees management and control over the property.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs breached the subject leases.

### FOURTH AFFIRMATIVE DEFENSE

Defendants either owed no duty to the Plaintiffs or if the duty was owed, did not violate the same.

### FIFTH AFFIRMATIVE DEFENSE

Defendants were unaware of any foreseeable harm, and/or did not act negligently.

### SIXTH AFFIRMATIVE DEFENSE

Defendants did not violate The Fair Housing Act .

### SEVENTH AFFIRMATIVE DEFENSE

Any harm suffered by the Plaintiffs was due to their own conduct, or by the conduct of third parties.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants did not engage in interstate commerce.

Defendants reserve their right to amend these Affirmative Defenses .

-20-

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, and for any other such relief as this Court deems just and proper.

Respectfully submitted,
ANDERSON LAW GROUP

/s/ Layla K. McDonald
Layla K. McDonald, Esq.
Florida Bar No.: 011308
13577 Feather Sound Dr., Suite 500
Clearwater, FL 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
Email: lmcdonald@floridalawpartners.com
Email: eserve@floridalawpartners.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of November, 2017, I *caused the foregoing to be* electronically filed with the Clerk of the Court using CM/ECF *which will provide electronic notice of such filing to all counsel of record.*

*Legal Services of Greater Miami, Inc.*
Rebecca Parsons Schram, Esq.
Jeffrey Hearne, Esq.
3000 Biscayne Blvd, Suite 500
Miami, FL, 33137
RSchram@legalservicesmiami.org
PBerrios@legalservicesmiami.org

Renee M. Smith, Esq.
9000 Las Vegas Boulevard S.
Unit 2291
Las Vegas, NV 89123
renee@smithtitleservices.com

*Community Justice Project, Inc.*
Charles Elsesser, Esq.
Alana Greer, Esq.
3000 Biscayne Blvd, Suite 102
Miami, FL 33137
Charles@floridalegal.org
Alana@communityjusticeproject.com

*Hughes Hubbard & Reed, LLP*
Jeffrey Goldberg, Esq.
201 S. Biscayne Boulevard, Suite 2500
Miami, FL 33131
Charles@communityjusticeproject.com
Alana@communityjusticeproject.com

/s/ Layla K. McDonald
Layla K. McDonald, Esq.
Florida Bar No.: 011308

Exhibit A   Page 21 of 21