

**ORDERED in the Southern District of Florida on October 5, 2018.**

*Laurel M. Isicoff*
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-14506-BKC-LMI |
| MIAMI BEVERLY, LLC | Chapter 11 (Lead Case) |
| | Jointly Administered |
| 1336 NW 60, LLC | Case No. 18-14509-BKC-LMI |
| REVEREND, LLC | Case No. 18-14510-BKC-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No. 18-14511-BKC-LMI |
| THE HOLDINGS AT CITY, LLC | Case No. 18-14512-BKC-LMI |
| Debtors. _____/ | |

**ORDER GRANTING JOINT DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER (A) AUTHORIZING PRIVATE SALE OF REAL PROPERTIES PURSUANT TO 11 U.S.C. § 363, FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES; (B) APPROVING PURCHASE AND SALE CONTACT AND AUTHORIZATION TO EXECUTE ANY AND ALL DOCUMENTS TO EFFECTUATE CLOSING OF THE SALE; (C) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN APARTMENT LEASE CONTRACTS; (D) APPROVING PAYMENT OF COMPENSATION TO PROPOSED BROKER/AUCTIONEER ASSOCIATED WITH TRANSACTION; (E) SHORTENING REQUIRED NOTICE PERIOD**

THIS MATTER came before this Court on October 4, 2018 at 9:30 a.m. upon *Joint Debtors'[1] Expedited Motion For Entry Of Order (A) Authorizing Private Sale of Real Properties Pursuant To 11 U.S.C. § 363, Free and Clear Of All Liens, Claims, and Encumbrances; (B) Approving Purchase And Sale Contact and Authorization to Execute Any and All Documents to Effectuate Closing of the Sale; (C) Authorizing the Debtors to Assume and Assign Apartment Lease Contracts; (D) Approving Payment Of Compensation to Proposed Broker/Auctioneer Associated With Transaction; (E) Shortening Required Notice Period* (the "Motion") [ECF # 177]. The Court having considered the Motion, having considered the Court file, having considered representations and arguments of counsels, and for the reasons stated on the record, finds good cause to grant the Motion. Accordingly, after due deliberation, the Court –

**FINDS AND DETEREMINES THAT:[2]**

A.  As of the Petition Date, April 17, 2018, the Debtors were the owner of the real properties (the "Properties") located as follows:

| Name of Debtor/Owner | Property Address | Property Folio Number |
|---|---|---|
| Miami Beverly, LLC | 1250 NW 62 St, Miami, FL 33147-8175 | 01-3114-043-0290 |
| Miami Beverly, LLC | 1231 NW 61 St, Miami, FL 33147-8175 | 01-3114-043-0291 |
| Miami Beverly, LLC | 6040 NW 12 Ave, Miami, FL 33147-8175 | 01-3114-043-0540 |
| 1336 NW 60, LLC | 1335 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0790 |

---

[1] The term Debtors in the context of this Order is limited to Miami Beverly, LLC, 1336 NW 60, LLC and The Holdings at City, LLC.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See Federal* Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rule 7052.

| 1336 NW 60, LLC | 1341 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0800 |
| The Holdings at City, LLC | 1710 NW 1 Ct, Miami, FL 33136-1700 | 01-3125-048-1060 |

A Complete legal description of the Properties is attached hereto as **Exhibit "A."**

B.  The Properties are encumbered by liens and encumbrances (the "Liens") as detailed in **Exhibit "B"** attached hereto.

C.  With the exception of the additional required notice to tenants of the Properties (as defined herein) provided herein, the notice of the Motion was proper, adequate, and sufficient under the circumstances imposed by the Court's prior ruling made at the hearing conducted on September 26, 2018 at 3:30 p.m.[3] (the "September 26, 2018 Ruling"), and in accordance with 11 U.S.C. § 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and applicable local rules. The Court finds that in light of the strict time requirement imposed by this Court[4] and specifically the requirement that a motion to approve a private sale be filed on or before September 28, 2018 and hearing on same be held on October 4, 2018, that notice was proper under the circumstances and that cause exists to shorten the notice period required under the applicable bankruptcy rules, and specifically Bankruptcy Rules 2002(a), 6004, and Local Rule 2002-1(K) and Local Rule 6004.

D.  Notice of the Motion was duly and properly served on all required persons and entities in accordance with applicable bankruptcy rules, unless otherwise provided for

---

[3] An order in connection with the September 26, 2018 Ruling has been entered contemporaneously with entry of this order.

[4] Due to the Debtors' failure to adhere to the timeline voluntarily agreed to by the Debtors in the *Agreed Order Granting, In Part, Amended Motion Pursuant to 11 U.S.C. § 543(d)(1) to Excuse Receiver from Compliance with Turnover Requirement and to Establish Powers and Duties of Receiver Nunc Pro Tunc to Petition Date* [ECF # 78].

under this Order with respect to notice to tenants of the assignment of apartment leases associated the Properties (as defined herein).

E.  The Debtors have demonstrated a sufficient basis to sell the Properties (as defined herein) under 11 U.S.C. §§ 363(b) and (f)(3), and such actions are appropriate and reasonable exercises of the Debtors' business judgment and are in the best interests of the Debtors, the estates and their creditors. A valid business purpose exists for approval of the transactions contemplated by the Sale Motion pursuant to section 363(b) of the Bankruptcy Code. The transfer of the Properties is a legal, valid and effective transfer of the Properties notwithstanding any requirement for approval or consent by any person.

F.  To the extent required pursuant to this Court's September 26, 2018 Ruling, all threshold pre-conditions for consideration by this Court of the Motion have been satisfied, including without limitation the following: (1) the sale contract provides for sufficient escrows to fund future remediations of the Properties; (2) Debtors' equity owners have deposited with their counsel's trust $50,000 to fund immediate repairs to the Properties during the pre-closing period ("Pre-Closing Funds") and have filed a timeline detailing the plan of action for such repairs; (3) the sale price (detailed below) exceeds the aggregate of all Total Claims[5] as filed notwithstanding any pending objections, Total Administrative Claims and transactional costs associated with the sale agreement; and (4) the sale contract provides for specific terms with respect to the assignment of leases, responsibilities of the buyer, 101 Apartments Holding, LLC (the "Buyer"), with respect to the Properties, and otherwise the sale contract addresses the transfer of the Properties from the Debtors to the Buyer.

G.  The purchase price of **$6,550,000** (together with the additional $300,000 in

---

[5] Capitalized term not defined herein shall have the same ascribed meaning as in the Motion.

escrow deposit for committed repairs by Buyer) is fair and reasonable, is in the best interest of the Debtors' estates and constitute full and adequate consideration and reasonably equivalent value for the Properties.

H. The terms of the Commercial Contract (the "Contract") attached as Exhibit "C" to the Motion are fair, reasonable and are approved.

I. The Buyer is not assuming any of the debts, liabilities or obligations of the Debtors, except as specifically set forth in this Order..

J. The Buyer and its principal, Mr. Peter Politis are not insiders of the Debtors, as that term is defined in 11 U.S.C. § 101(31) and the decisions thereunder. The Buyer is a purchaser in good faith, as that term is used in the Bankruptcy Code and the decisions appurtenant thereto, and is entitled to the protections of sections 363(m) of the Bankruptcy Code with respect to the Properties and the purchase of the Properties. Neither the Debtor nor the Buyer has engaged in any conduct that would prevent the application of 11 U.S.C. § 363(m). Specifically, the Contract has been negotiated by the Debtors and the Buyer (and their respective affiliates, professionals and representatives) in good faith, at arm's length and without collusion or fraud. The terms and conditions of the Contract is fair and reasonable, and the sale of the Properties pursuant to its terms is in the best interest of the Debtors, the estates and their creditors. The Buyer is deemed a "good faith purchaser" entitled to the full benefits and protections of 11 U.S.C. § 363(m) with respect to the sale of the Properties.

K. The Debtors have full corporate power and authority to execute the Contract and all other documents contemplated thereby. No consents or approvals, other than as expressly provided for in the Contract, are required by the Debtors to consummate such transactions.

L. Sperry Van Ness, South Commercial Real Estate Advisors, LLC ("SVN

Advisors") are not professionals employed by the Debtors.. Any dispute by and between the Buyer and SVN Advisors is outside the jurisdiction of this Court.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is **GRANTED**.

2. Pursuant to 11 U.S.C. § 363(b) and (f)(3), the Debtors are authorized to sell and transfer to 101 Apartments Holding, LLC all of the Debtors' rights, title, and interest in the Properties according to the terms of the Contract, free and clear of all liens, claims, encumbrances and interest in the Properties, whether known or unknown, with all such liens, claims, encumbrances and interest attaching to the proceeds of the sale as provided herein.

3. Subject to the delivery of the consideration in accordance with the Contract and completing all other deliveries required under the Contract, effective as of the Closing (as defined in the Contract), the sale of the Properties by the Debtors to the Buyer shall constitute a legal, valid and effective transfer of the Properties notwithstanding any requirement for approval or consent by any person and shall vest Buyer with all right, title and interest in and to the Property free and clear of all Liens[6] pursuant to 11 U.S.C. § 363(f)(3) with all Liens to attach to the sale proceeds. The sale of the Properties to Buyer under the Contract will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable law. Further, for avoidance of doubt, any and all creditors of the Debtors shall be forever barred, estopped and enjoined from taking any action of any kind against the Buyer or the Properties on account of any claim against the Debtors or the Properties.

---

[6] Including without limitations the Liens detailed in Exhibit "B".

4. The Contract is hereby **APPROVED,** and the Debtors are hereby **AUTHORIZED** to execute, deliver, perform, consummate, and implement all of the terms and conditions of the Contract, to execute any and all documents associated therewith, and to take all actions necessary or appropriate to effectuate the transactions contemplated therein.

5. The Buyer shall be entitled to the protection of the good faith purchaser for value under 11 U.S.C. § 363(m), if this Order or any authorization contained herein is reversed or modified on appeal.  The sale is not subject to avoidance pursuant to 11 U.S.C. § 363(n).

6. The notice for the Motion and hearing on the Motion, as required under Bankruptcy Rules 2002(a), 6004, and Local Rule 2002-1(K) and Local Rule 6004 is hereby shortened and determined as appropriate under the circumstances.

7. Debtors are **AUTHORIZED** to assume and assign to Buyer all residential apartment leases associated with the Properties (the "Leases"), pursuant to 11 U.S.C. §§ 363(b) and 365, but subject to a negative notice requirement provided herein.  Buyer shall assume the written leases of one year term or less and month to month tenancies, as well as the rights and obligations thereunder effective from the date of assignment forward, together with any deposits and advance rents actually received by Buyer from Seller, Custodian or Receiver at closing.   Otherwise, the sale and purchase by Buyer shall be free and clear of any claims of the tenants, occupants and lessees, with same to attach to proceeds.

8. Debtors, by and through the Custodian and/or her agents, shall provide tenants/lessees (the "Tenants") simple written notice (the "Notice") of the assignment of the Leases to the Buyer, which shall be delivered by hand to each of the occupied units in the Properties by October 5, 2018. The simple notice shall at a minimum inform the Tenants of

the assignment of their lease to the Buyer, the transfer of their deposit and/or last month's rent to the Buyer, and the Tenants' right to raise a valid legal objection to the assignment of Leases by **October 15, 2018 at 12:00 p.m. EST.** All objections may be submitted to either the Custodian or Debtors' counsel by e-mail and/or telephone. The Custodian and Debtors' counsel may determine who among them is the primary and exclusive point of contact designated to receive such objections. To the extent any objections are received, such objections shall be heard by this Court on **October 19, 2018 at 11:00 a.m.,** at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 8 (LMI), Miami, FL 33128, otherwise the Court may cancel the hearing upon notice by the Debtors that no objections were received.

9. This Order is effective immediately, the fourteen (14) day stay provisions of Bankruptcy Rule 6004(h) shall not be applicable, and the Debtors and the Buyer are authorized to complete and otherwise close on the sale of the Properties.

10. Debtors are authorized to pay at closing $5,000.00 to Wilbert "Will" Reynoso and Moecker Realty Auctions, LLC.

11. Subject to and pending further order of this Court upon motion and a hearing, the Debtors shall not disburse the proceeds received from the sale of the Properties, provided that the Debtors are **AUTHORIZED** to pay any normal and customary closing costs that are the obligation of the Debtors under the Contract, pay Wilbert "Will" Reynoso and Moecker Realty Auctions, LLC, pay US Trustee fees associated with the transaction, and pay Miami-Dade Tax Collector any and all amounts outstanding as of date of the Closing from such proceeds, and pay undisputed City of Miami Liens.  Proration of real estate taxes pursuant to the Contract are also **AUTHORIZED**. The rights of the Debtors, creditors, equity holders, and parties in interest in and to the proceeds from the sale of the Properties are hereby reserved and preserved pending further order of the Court.

12. All net proceeds from sale of the Properties shall be directly placed and reside in the trust account of Leiderman Shelomith Alexander + Somodevilla, PLLC, counsel for the Debtors, pending further order of this Court. All disbursements made at closing shall be reported in monthly operating reports and any and all settlement statements shall be attached to same. Any dispute concerning the disbursement of proceeds at closing as contemplated by the closing statement of the transaction shall be heard by the Court, upon notice and request for hearing, **on October 19, 2018** at same time as hearing on any Tenant's objection.

13. The Custodian shall supervise the use of the Pre-Closing Funds for the exclusive purpose of continuing necessary remediation of the properties that are the subject of the Receivership Case, up to the Closing Date (as defined in the Contract). Use of the Pre-Closing Funds shall be subject to notice to Debtors for specific use. The funds shall be disbursed by Mr. Gary Murphree who shall continue holding onto the Pre-Closing Funds and act as a disbursement agent of said funds.

14. This Court shall retain jurisdiction to enforce the provisions of this Order and the Contract and to resolve any dispute concerning this Order, the Contract, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Contract and this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Properties and all issues and disputes arising in connection with the relief authorized herein.

15. SVN Advisors' *Ore Tenus* motion raised at the hearing on this Motion is hereby **DENIED** as determined in this Order and for the reasons stated on the record.

16. Nothing in this Order (including any findings of fact) shall be construed as determinative with respect to any pending claim objection or other disputed matter between the Debtors and Gadi Shushan and his assign, Miami Development & Holdings, LLC.

17. The Court shall conduct a status conference concerning the sale of the Properties and status of the cases on **November 5, 2018 at 10:30 a.m**., at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 8 (LMI), Miami, FL 33128.

18. In light of the substantial and positive actions undertaken by the Debtors and the Debtors' equity owners, the hearing on Order to Show Cause as to Why Chapter 11 Trustee Should Not be Appointed is continued to **November 5, 2018 at 10:30 a.m.**, at C. Clyde Atkins U.S. Courthouse, 301 N Miami Ave Courtroom 8 (LMI), Miami, FL 33128. The Court will not take evidence at such hearing, and instead treat such hearing as preliminary in nature.

###

Submitted by:

Ido J. Alexander, Esq.
Leiderman Shelomith Alexander +
Somodevilla, PLLC
2699 Stirling Rd # C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
ija@lsaslaw.com

Copies furnished to:

Ido J. Alexander, Esq.

[Attorney Alexander is directed to serve copies of this order on all interested parties and to file a certificate of service]

**EXHIBIT "A"**

**(Legal Descriptions")**

# Exhibit A

PARCEL 1:

Lots 13, 14, 15, and 16, less the North 10 feet thereof, in Block 2, of Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1250 NW 62 Street, Miami, FL 33147

Folio:01-3114-043-0290

PARCEL 2:

Lots 31 and 32, in Block 2, of Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1231 NW 61 Street, Miami, FL 33147

Folio: 01-3114-043-0291

PARCEL 3:

Lots 13, 14, 15, and 16, in Block 3, Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 6040 NW 12 Ave, Miami, FL 33127

Folio: 01-3114-043-0540

PARCEL 4:

Lot 16, Block 4, Orchard Villa Extension, according to the map or plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1335 NW 60 St, Miami, FL 33142

Folio: 01-3114-043-0790

**Exhibit A**

PARCEL 5:

Lot 17, Block 4, Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1341 NW 60 St, Miami, FL 33142

Folio: 01-3114-043-0800


PARCEL 6:

Lots 9 and 12, Block 27, Waddell's Addition, according to the plat thereof as recorded in Plat Book B, Page 53, Public Records of Miami-Dade County, Florida.

AND

The East ½ of alley lying West and adjacent to Lots 9 and 12, Block 27, Waddell's Addition, according to the plat thereof as recorded in Plat Book B, Page 53, Public Records of Miami-Dade County, Florida, said alley having been vacated by Ordinance by City of Miami under File Number 14-00345 and Enactment Number 13492 recorded in O.R. Book 29757, Page 1686, O.R. Book 29778, Page 3598, O.R. Book 29877, Page 4214 Public Records of Miami-Dade County, Florida.

Property Address: 1710 NW 1 Ct, Miami, FL 33136

Folio: 01-3125-048-1060

**EXHIBIT "B"**

**(Liens)**

# Exhibit B

1. Notice of Lien for Water and Sewer Service recorded in O.R. Book 30370, Page 1392, Public Records of Miami-Dade County, Florida.

2. Notices of Sheriff's Levy recorded in O.R. Book 30791, Page 3825; O.R. Book 30791, Page 3824 and O.R. Book 30861, Page 1940, and all claims by the City of Miami and the Receiver under Case No. 14-027781, Public Records of Miami-Dade County, Florida.

3. Lis Pendens recorded in O.R. Book 30929, Page 2328; O.R. Book 30929, Page 2333; O.R. Book 30929, Page 2323; O.R. Book 30929, Page 2278; O.R. Book 30929, Page 2309 and O.R. Book 30929, Page 2305, Public Records of Miami-Dade County, Florida, and claims made in that certain Case No. 2015-020526-CA-01 in the Circuit Court of Miami-Dade County, Florida.

4. Notice of Lien for Water and Sewer Service recorded in O.R. Book 29983, Page 1133, Public Records of Miami-Dade County, Florida.

5. Code enforcement liens recorded in O.R. Book 29215, Page 4800; O.R. Book 29992, Page 4579; O.R. Book 28946, Page 892, Public Records of Miami-Dade County, Florida.

6. Notice(s) of Lien for Water and Sewer Service recorded in O.R. Book 29948, Page 1291; O.R. Book 29948, Page 1540; O.R. Book 29948, Page 1704; O.R. Book 29967, Page 2597; O.R. Book 29967, Page 2600; O.R. Book 29984, Page 3613; and O.R. Book 29984, Page 3644, Public Records of Miami-Dade County, Florida.

7. Code enforcement lien(s) recorded in O.R. Book 28329, Page 747; O.R. Book 29992, Page 4542, O.R. Book 28619, Page 2474, Public Records of Miami-Dade County, Florida.

8. Code enforcement lien(s) recorded in O.R. Book 26314, Page 3144; O.R. Book 29988, Page 3160; and O.R. Book 30101, Page 3617, Public Records of Miami-Dade County, Florida.

9. Judgments and/or liens against Miami Beverly, LLC, a Florida limited liability company, or a similar name, certified copies of which are recorded in O.R. Book 27530, Page 4936, Public Records of Miami-Dade County, Florida.

10. Certified Judgment(s) and/or liens against the name of Miami Beverly, LLC, a Florida limited liability company; 1336 NW 60 LLC, a Florida limited liability company and The Holdings at City, LLC, a Florida limited liability company recorded in O.R. Book 30774, Page 2541, Public Records of Miami-Dade County, Florida.