

**ORDERED in the Southern District of Florida on October 29, 2018.**

_____
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

IN RE:

MIAMI BEVERLY, LLC

CASE NO. 18-14506-BKC-LMI
Chapter 11 (Lead Case)

Jointly Administered

1336 NW 60, LLC
REVEREND, LLC
13300 ALEXANDRIA DR. HOLDINGS, LLC
THE HOLDINGS AT CITY, LLC

CASE NO. 18-14509-BKC-LMI
CASE NO. 18-14510-BKC-LMI
CASE NO. 18-14511-BKC-LMI
CASE NO. 18-14512-BKC-LMI

                Debtors
_____/

**ORDER GRANTING JOINT DEBTORS'[1] EMERGENCY MOTION FOR AN ORDER RELEASING CERTAIN PROPERTIES FROM CUSTODIANSHIP [ECF # 78] IN ORDER TO EFFECTUATE THE SALE PURSUANT TO COURT'S ORDER AUTHORIZING SALE OF THE PROPERTIES [ECF # 198]**

---

[1] As detailed in this Motion, two of the jointly administered debtors, 13300 Alexandria Drive Holdings Dr. LLC ("Alexandria") and Reverend, LLC ('Reverend ") are not the subjects of the Motion or this Order. Therefore, the definition of Debtors for the purposes of this Order excludes Alexandria and Reverend.

THIS CAUSE came on before the Court on October 29, 2018 at 11:00 a.m., upon the *Joint Debtors' Emergency Motion For An Order Releasing Certain Properties From Custodianship [ECF # 78] In Order To Effectuate The Sale Pursuant To Court's Order Authorizing Sale Of The Properties [ECF # 198]* (the "Motion"). The Court having considered the Motion, having considered the Court file, having considered representations and arguments of counsels, noting the Debtors'[2], the Custodian[3] Linda Leali's, and the City of Miami's agreement to the relief requested, and for the reasons stated on the record, finds good cause to grant the Motion. Accordingly, after due deliberation, the Court –

**FINDS AND DETEREMINES THAT:[4]**

A. On April 17, 2018, the Debtors commenced these jointly administered cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

B. The Debtors' assets are compromised of the following real properties (collectively, the "Properties"):

| Name of Debtor/Owner | Property Address | Property Folio Number |
|---|---|---|
| Miami Beverly, LLC | 1250 NW 62 St, Miami, FL 33147 | 01-3114-043-0290 |
| Miami Beverly, LLC | 1231 NW 61 St, Miami, FL 33147 | 01-3114-043-0291 |
| Miami Beverly, LLC | 6040 NW 12 Ave, Miami, FL 33127 | 01-3114-043-0540 |
| 1336 NW 60, LLC | 1335 NW 60 St, Miami, FL 33142 | 01-3114-043-0790 |
| 1336 NW 60, LLC | 1341 NW 60 St, Miami, FL 33142 | 01-3114-043-0800 |
| The Holdings at City, LLC | 1710 NW 1 Ct, Miami, FL 33136 | 01-3125-048-1060 |

A Complete legal description of the Properties is attached hereto as **Exhibit "A."**

---

[2] Id.

[3] Capitalized term defined below. To the extent a capitalized term is not defined herein, such term shall have the same ascribed meaning as in the Motion.

[4] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See Federal* Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Bankruptcy Rule 7052.

C. Prior to the Petition Date, the Properties were managed by Linda Leali, as court-appointed Receiver (the "Receiver") as part of a receivership (the "Receivership") in the matter styled *City of Miami v. Miami Beverly LLC, et al.* (Case No. 2014-027781-CA-01) (the "Receivership Case").

D. Pursuant to 11 U.S.C. § 541, upon commencement of the bankruptcy case, the Properties are assets of the bankruptcy estate (the "Estate").

E. On June 14, 2018, the Court entered an *Agreed Order Granting, in Part, Amended Motion Pursuant to 11 U.S.C. § 543(d)(1) to Excuse Receiver from Compliance With Turnover Requirements and to Establish Powers and Duties of Receiver Nunc Pro Tunc to Petition Date* [ECF # 78] (the "543 Order").

F. The 543 Order set forth the mechanism whereby the Receiver (renamed and defined as the "Custodian"), shall remain as a Custodian in possession, custody and control of the Properties (the "Custodianship").  However, pursuant to the 543 Order, the Custodian was not given authority to liquidate any of the Debtors' assets, with that authority remaining vested in the Debtors.

G. The Custodian and her counsel incurred certain fees and expenses both pre-and-post Petition Date (the "Fees").

H. The Debtors agree certain Fees and expenses of Custodian and custodian's counsel, Mr. Thomas Messana and his firm Messana, P.A. ("Custodian's Counsel") be paid at the closing of the Sale. Custodian shall be paid $28,050.  Custodian's counsel shall be paid $103,495.07.

I. On October 5, 2018, following a hearing, the Court approved the sale of the Properties to 101 Apartments Holdings, LLC and or its assigns (the "Buyer") (the "Sale Order") [ECF #195], pursuant to an approved Commercial Contract (the "Contract") for the sale of the Properties.

J. Pursuant to the terms of the Sale Order, and the agreement of the Debtors, the City and Custodian (and her counsel), the Fees will be paid at Closing. See para H supra. and para. 4 infra. Additional fees and costs will be due for the month of October (and any other fees and expenses, including Receiver's claim of fee enhancement). Such additional fees and expenses will be paid from the proceeds of the sale only upon application and court order.

K. To effectuate the terms of the sale, and noting the Custodian and City's agreement, it is **DETERMINED** that upon closing of the transaction, the Custodian, the Custodian's Counsel and the Custodianship shall release the Properties from any all claims with same attaching to the proceeds of the sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion is **GRANTED**.

2. Upon closing of the sale transaction of the Properties, the Custodian and the Custodianship, including Custodian's Counsel, are deemed and determined to have forever released the Properties, as listed in **Exhibit A**, from any and all claims, demands, rights, damages, or causes of action, including without limitation claims for the Fees or future fees and costs, in connection with and/or related to the Receivership and/or Custodianship with such claims for the Fees or future fees and costs attaching to the sale proceeds**.**

3. Upon closing of the sale transaction of the Properties, the Custodian and her Counsel are hereby released and discharged from any responsibility for the Properties detailed in **Exhibit A**.

4. At closing, the Debtor shall pay Custodian $28,050 and the Custodian's Counsel $103,495.07.

**###**

**Submitted by:**

Ido J. Alexander, Esq.
Leiderman Shelomith Alexander +
Somodevilla, PLLC
2699 Stirling Rd # C401
Ft. Lauderdale, FL 33312
Telephone (954) 920-5355
Facsimile (954) 920-5371
ija@lsaslaw.com

**Copies furnished to:**

Ido J. Alexander, Esq..

[Attorney Alexander is directed to serve copies of this order on all interested parties and to file a certificate of service.]

# Exhibit A

PARCEL 1:

Lots 13, 14, 15, and 16, less the North 10 feet thereof, in Block 2, of Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1250 NW 62 Street, Miami, FL 33147

Folio:01-3114-043-0290


PARCEL 2:

Lots 31 and 32, in Block 2, of Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1231 NW 61 Street, Miami, FL 33147

Folio: 01-3114-043-0291


PARCEL 3:

Lots 13, 14, 15, and 16, in Block 3, Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 6040 NW 12 Ave, Miami, FL 33127

Folio: 01-3114-043-0540


PARCEL 4:

Lot 16, Block 4, Orchard Villa Extension, according to the map or plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1335 NW 60 St, Miami, FL 33142

Folio: 01-3114-043-0790

# Exhibit A

PARCEL 5:

Lot 17, Block 4, Orchard Villa Extension, according to the plat thereof as recorded in Plat Book 17, Page 55, Public Records of Miami-Dade County, Florida.

Property Address: 1341 NW 60 St, Miami, FL 33142

Folio: 01-3114-043-0800


PARCEL 6:

Lots 9 and 12, Block 27, Waddell's Addition, according to the plat thereof as recorded in Plat Book B, Page 53, Public Records of Miami-Dade County, Florida.

AND

The East ½ of alley lying West and adjacent to Lots 9 and 12, Block 27, Waddell's Addition, according to the plat thereof as recorded in Plat Book B, Page 53, Public Records of Miami-Dade County, Florida, said alley having been vacated by Ordinance by City of Miami under File Number 14-00345 and Enactment Number 13492 recorded in O.R. Book 29757, Page 1686, O.R. Book 29778, Page 3598, O.R. Book 29877, Page 4214 Public Records of Miami-Dade County, Florida.

Property Address: 1710 NW 1 Ct, Miami, FL 33136

Folio: 01-3125-048-1060