**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MIAMI BEVERLY, LLC | Case No. 18-14506-LMI (Lead Case) |
| 1336 NW 60, LLC | Case No. 18-14509-LMI |
| REVEREND, LLC | Case No. 18-14510-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No. 18-14511-LMI |
| THE HOLDINGS AT CITY, LLC | Case No. 18-14512-LMI |
| | Jointly Administered |
| Debtor(s)            / | |

**PRELIMINARY RESPONSE TO OBJECTION TO CLAIM**

Creditor/Interested Party Miami Development & Holdings, LLC ("MDH") files this Preliminary Response to the Equity Holder's Objection to Claim of MDH (D.E. #170) (the "Claim Objection")[1] and states as follows:

**I.    BACKGROUND**

1.    On or about April 1, 2015, Gadi Shushan ("Shushan") as buyer and Abe Vaknin, as authorized agent for Denise Vaknin and the Debtors Miami Beverly, LLC, 1336 NW 60 LLC, Reverend, LLC, 1330 Alexandria Dr. Holdings, LLC and the Holdings at City, LLC (the "Debtors"), as sellers, executed a written and enforceable contract for Mrs. Vaknin's 100% membership in the Debtors and the real estate owned by the Debtors.

2.    The contract demonstrates the parties came to terms on (i) the amount and manner of payments; (ii) the interest rate; (iii) the due dates for payments; and (v) closing dates. The contract also incorporates additional provisions, including terms which MDH's principal and Abe Vaknin had utilized in a prior land deal in Texas.

---

[1]    MDH reserves the right to supplement this Response to include additional legal authority in support of its claim. Additionally, discovery is ongoing and additional facts may need to be included.

3. Shushan paid not less than $34,000 pursuant to the contract, but Mrs. Vaknin and the Debtors refused to execute the conveyance documents.

4. Shushan subsequently assigned all of his rights in the contact, the Debtors and the properties to MDH.

## II. ARGUMENT

### (a) The Contract is Enforceable

5. The Claim Objection repeatedly derides the Shushan/Vaknin contract for being hand written and short. Of course, this has no bearing on the enforceability of the Contract. Rather, "[i]n construing contracts, the intention of the parties governs and determined from the language used when it is unambiguous." *Robbinson v. Central Properties, Inc*., 468 So.2d 986, 988 (Fla.1985).

6. In this case, the contract unambiguously states that the "the following buildings and companys [SIC] are being sold to Mr. Shushan" and then proceeds to list the names of the Debtors and the units owned thereby. The contract also contains a price and a payment schedule.

7. Accordingly, there can be no doubt that Mr. Vaknin, on behalf of his wife, intended to sell membership interests and real estate to Mr. Shushan through the contract.

### (b) Mr. Shushan Made Multiple Payments

8. The Claim Objection states that "Shushan never paid the $15,000 initial payment, nor the subsequent payments." This is demonstrably false. Mr. Shushan made multiple under the terms of the contract to Denise Vaknin. This can be demonstrated by bank records and payment receipts.

9. Mrs. Vaknin gladly accepted these payments, at least at first. However, she ultimately refused to execute conveyance documents and otherwise breached the contract. This resulted in Mr. Shushan filing suit for specific performance and damages in Miami-Dade Circuit Court.

**(c)     Mr. Vaknin had Actual and/or Apparent Authority to Execute the Contract**

10.     If this bankruptcy case has made one thing clear, it is that Abe Vaknin and not Denise Vaknin operates and manages the Debtors. Indeed, it appears Mrs. Vaknin has little to no involvement in the operation of the Debtors at all.

11.     Accordingly, as will be proven at an evidentiary hearing, Mr. Vaknin had apparent if not actual authority to enter into the contract with Mr. Shushan on behalf of Mrs. Vaknin and the Debtors.

**III.     CONCLUSION**

MDH will shortly be filing amended proofs of claim to better articulate its claims and to adjust the value of its claim. The Court should allow these claims in full.

HOFFMAN, LARIN & AGNETTI., P.A.
Counsel for Miami Development & Holdings, LLC
909 North Miami Beach Blvd., Suite 201
North Miami Beach, FL 33162
T.          305.653.5555
E.          mshoffman@hlalaw.com

/s/ Michael S. Hoffman
Michael S. Hoffman
Florida Bar No.:  41164

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF all registered users in the above-referenced case on November 6, 2018.

/s/ Michael S. Hoffman
Michael S. Hoffman