UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 18-14506-BKC-LMI |
| MIAMI BEVERLY, LLC | Chapter 11 (Lead Case) |
| | Jointly Administered |
| 1336 NW 60, LLC | Case No. 18-14509-BKC-LMI |
| REVEREND, LLC | Case No. 18-14510-BKC-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No. 18-14511-BKC-LMI |
| THE HOLDINGS AT CITY, LLC | Case No. 18-14512-BKC-LMI |
| Debtors. | |
| _____/ | |

**EXPEDITED MOTION TO (A) APPROVE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS, EQUITY OWNER, AND THE CITY OF MIAMI; (B) TERMINATE THE CUSTODIANSHIP AND TURN OVER REMAINING PROPERTIES, PURSUANT TO 11 U.S.C. §543; AND (C) MODIFY THE AUTOMATIC STAY TO PERMIT THE TERMINATION OF RECEIVERSHIP CASE OVER NON-DEBTOR PROPERTY**

> **EXPEDITED HEARING REQUESTED**
> **ON OR BEFORE DECEMBER 17, 2018 at 1:55 P.M.**
>
> Debtors request an expedited hearing on this Motion at same time as the hearing on the Limited Objection to Fees [ECF # 250], given the need to terminate the existing Custodianship. Debtors continue to incur significant costs and expenses by the Custodian and her professionals, and therefore wish to mitigate further expenses.

Debtors, Miami Beverly LLC, 1336 NW 60 LLC, Reverend LLC, 13300 Alexandria Dr. Holdings LLC, and The Holdings At City, LLC (the "Debtors"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 362(d)(1), 543, Fed. R. Bankr. P. 9019 and Local Rules 9019-1, and Fed. R. Civ. P. 60(b)(6) as made applicable by Fed. R. Bankr. P. 9024, move (the "Motion") this Court for entry of an order (a) approving the settlement agreement (the "Agreement") by and between Debtors, equity owner, Denise Vaknin ("Vaknin"), and the City of Miami ("City"); (b) terminating the Custodianship and requiring

---

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

the turn over of Remaining Properties to the Debtors, pursuant to 11 U.S.C. §543 and Fed. R. Civ. P. 60(b)(6) as made applicable by Fed. R. Bankr. P. 9024; and (c) modifying the automatic stay to permit the Non-Debtor, The Holdings at City II, LLC to seek turn over of its property and termination of the receivership, and in support of the Motion state as follows:

## BACKGROUND

1.On April 17, 2018, Debtors commenced these jointly administered cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.On April 23, 2018, the Court entered its *Order Granting Debtors' Motion for Joint Administration of Cases Under Lead Case No. 18-14506, In re Miami Beverly, LLC.* [ECF # 6].

3.The Debtors are operating their business(es) and managing their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4.To date, no trustee, examiner or creditors' committee has been appointed in these cases.

### The Properties: Receivership and Subsequent Custodianship

5.The Debtors' assets (prior to the sale, as detailed below) included the following real properties (collectively, the "Properties"):

| Name of Debtor/Owner | Property Address | Property Folio Number |
|---|---|---|
| Miami Beverly, LLC | 1250 NW 62 St, Miami, FL 33147-8175 | 01-3114-043-0290 |
| Miami Beverly, LLC | 1231 NW 61 St, Miami, FL 33147-8175 | 01-3114-043-0291 |
| Miami Beverly, LLC | 6040 NW 12 Ave, Miami, FL 33127-8175 | 01-3114-043-0540 |
| 1336 NW 60, LLC | 1335 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0790 |
| 1336 NW 60, LLC | 1341 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0800 |
| Reverend, LLC | 6820 NW 1 St, Miami, FL 33147-7475 | 01-3115-005-1240 |
| 13300 Alexandria Dr. Holdings, LLC | 1730 NW 1 Ct, Miami, FL 33136-1748 | 01-3125-048-1050 |
| The Holdings at City, LLC | 1710 NW 1 Ct, Miami, FL 33136-1700 | 01-3125-048-1060 |

6.      During a certain period of time prior to the Petition Date, the Properties were managed (the "Receivership") by Linda Leali, as court-appointed Receiver (the "Receiver") in the matter styled *City of Miami v. Miami Beverly LLC, et al.* (Case No. 2014-027781-CA-01) (the "Receivership Case").

7.      On June 14, 2018, the Court entered an *Agreed Order Granting, in Part, Amended Motion Pursuant to 11 U.S.C. § 543(d)(1) to Excuse Receiver from Compliance With Turn Over Requirements and to Establish Powers and Duties of Receiver Nunc Pro Tunc to Petition Date* [ECF # 78] (the "543 Order").

8.      The 543 Order set forth the mechanism whereby the Receiver (the "Custodian") shall remain as a custodian in possession, custody and control of the Properties (the "Custodianship").  However, pursuant to the 543 Order, the Custodian was not given authority to liquidate any of the Debtors' assets, with that authority remaining vested in the Debtors. The 543 Order required the Debtors to liquidate the Properties.

**Sale of Certain of the Properties**

9.      On October 30, 2018, following notice and hearing, **certain** of the Debtors, Miami Beverly, LLC, 1336 NW 60, LLC, and The Holdings at City, LLC, sold[1] to a third party the following properties ("Sold Properties"):

| Name of Debtor/Owner | Property Address | Property Folio Number |
|---|---|---|
| Miami Beverly, LLC | 1250 NW 62 St, Miami, FL 33147-8175 | 01-3114-043-0290 |
| Miami Beverly, LLC | 1231 NW 61 St, Miami, FL 33147-8175 | 01-3114-043-0291 |
| Miami Beverly, LLC | 6040 NW 12 Ave, Miami, FL 33127-8175 | 01-3114-043-0540 |
| 1336 NW 60, LLC | 1335 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0790 |
| 1336 NW 60, LLC | 1341 NW 60 St, Miami, FL 33142-8277 | 01-3114-043-0800 |
| The Holdings at City, LLC | 1710 NW 1 Ct, Miami, FL 33136-1700 | 01-3125-048-1060 |

---

[1] The sale was authorized pursuant to the Court's *Order Granting Joint Debtors' Expedited Motion For Entry Of Order (A) Authorizing Private Sale Of Real Properties Pursuant To 11 U.S.C. § 363, Free And Clear Of All Liens, Claims, And Encumbrances; (B) Approving Purchase And Sale Contact And Authorization To Execute Any And All Documents To Effectuate Closing Of The Sale; (C) Authorizing The Debtors To Assume And Assign Apartment Lease Contracts; (D) Approving Payment Of Compensation To Proposed Broker/Auctioneer Associated With Transaction; (E) Shortening Required Notice Period* [ECF # 195].

10.	The properties remaining after the sale are the following ("Remaining Properties"):

| Name of Debtor/Owner | Property Address | Property Folio Number |
|---|---|---|
| Reverend, LLC | 6820 NW 1 St, Miami, FL 33147-7475 (the "Reverend Property") | 01-3115-005-1240 |
| 13300 Alexandria Dr. Holdings, LLC | 1730 NW 1 Ct, Miami, FL 33136-1748 (the "Alexandria Property") | 01-3125-048-1050 |

## City of Miami Judgment Liens

11.	Prior to Petition Date, on December 24, 2015, the City obtained final judgments (the "Final Judgments") in the Receivership Case, in the total amount of $3,126,387.62, plus interest (plus injunctive relief). At the close of the Sale the City received full payment in the total amount of $1,401,371.72[2], representing all sums due and owed by the relevant Debtors of the Sold Properties, as follows:

| Debtor | Judgment Lien Amount | Interest (as of 10/24/2018) | Total |
|---|---|---|---|
| Miami Beverly, LLC | $163,567.92 | $22,031.23 | $185,599.15 |
| 1336 NW 60, LLC | $461,577.84 | $62,170.74 | $523,748.58 |
| The Holdings at City, LLC | $598,632.81 | $80,631.32 | $679,264.13 |
| | | Total Due to City | $1,388,611.80[3] |

12.	At present, the City holds judgment liens (the "Judgment Liens") for the Remaining Properties, in the following amounts:

---

[2] With Interest Adjustment through date of closing of the Sale, the total amount due and owed was $1,401,372.72. The City acknowledged that it has received a check for the foregoing amount and has deposited it upon execution of the Agreement (as defined below), which is subject of this Motion.

[3] See FN # 2.

| Debtor | Judgment Lien Amount (plus interest from 12/24/2015) |
|---|---|
| Reverend, LLC | $809,038 |
| 13300 Alexandria Dr. Holdings, LLC | $1,093,569.80 |

**The Settlement with the City**

13. The Debtors, Vaknin and City wish to resolve various issues associated with the Judgment Liens (and related injunctive relief), including third party non-Debtor entity, The Holdings at City II, LLC (the "Holdings II"), involved in the Receivership Case.

14. The Debtors believe that this settlement is in the best interest of the Debtors' relevant estates and that the Agreement is fair and reasonable.

15. The details of the settlement are set forth in the Agreement that is attached hereto as **Exhibit "A".**

16. The Agreement includes resolution of the following issues:

    a. Release and Satisfaction of the City's judgement lien against the Alexandria Property. Debtor, 13300 Alexandria Dr. Holdings, LLC shall be determined as compliant with City's code enforcement and other applicable municipal requirements. The Debtor, 13300 Alexandria Dr. Holdings, LLC and Vaknin have agreed to specific requirements and enforcement mechanism for potential future code enforcement violations, **if any;**

    b. Debtor, Reverend, LLC shall deliver to the City a quit claim deed to the Reverend Property, within three days of approval of the agreement, in satisfaction and release of any claim, including judgment lien against Debtor, the Reverend, LLC;

    c. City shall support the Debtors' efforts to terminate the Custodianship, and the termination of the Receivership for the Non-Debtor property owned by non-Debtor, the Holdings II, and satisfaction of the Final Judgment with respect to Holdings II. In that regard, the City shall support the Debtor's or any other party's request to Modify the automatic stay to permit termination of the Receivership over the Holdings II's property.

d. Debtor and Vaknin, as well as the Holdings II, have agreed to indemnify the City under certain instances, as outlined in the Agreement.

17.     *The foregoing overview of the Agreement is included here for summary purposes only and is not intended to constitute a full recitation of the terms of the Agreement. Accordingly, review of the Motion should not be a substitute for review of the complete Agreement.*

## THE AGREEMENT SHOULD BE APPROVED

### Legal Standard For Approval of the Settlement Agreement

18.     The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

19.     The Debtors believe consideration of the *Justice Oaks II* factors weights in favor of approval of the Agreement, as explained below:

a. **Probability of Success.** The Debtors believe that the City already hold valid judgment liens encumbering the respective properties. While there are meritorious arguments raised by Vaknin in certain filed objections to City Judgments, the outcome of the litigation is uncertain. Moreover, the City has engaged competent and skilled counsel who would litigate the City's claim to the fullest extent. While the probability of success is unknown litigation will be lengthy and consume substantial resources from the relevant Estates.

b. **Collection.** The Debtor does not believe collection is an applicable factor given the factual circumstances of this case.

c. **Complexity of Litigation.** As mentioned above, the litigation would involve a contested trial on several issues related to the extent of the lien and the mitigation efforts by the Debtors. The Agreement avoids litigation, which would not only save significant expense to the bankruptcy estate, but significantly speed up the Debtors' efforts to confirm their Joint Chapter 11 Plan of Reorganization.

d. **Interest of Creditors.** The Debtors believe that the settlement is in the best interest of the creditors in light of the resolution of the status of the Remaining Properties, a necessary pre-requisite for an amended Joint Plan of Reorganization. It is worth noting that the existing filed Plan [ECF # 165] already contemplates payment of allowed claims in full.

20. Based on the above, the Debtors believe all *Justice Oaks II* factors have been satisfied such that the Court should approve the Agreement.

## THE CUSTODIANSHIP SHOULD TERMINATE UPON APPROVAL OF THE AGREEMENT

21. Under the terms of the Agreement, the City, the party that sought appointment of the Custodian in the first instance to protect its rights, agrees to support the termination of the remaining Custodianship. Further, since the Alexandria Property and the Holding II Property are now deemed fully compliant with all applicable codes by the City, and the vacant property, the Reverend Property, would be transferred via quitclaim deed to the City, there is no further necessity for the Custodian. Particularly since the Agreement leaves the City with legal remedies in the event either of the properties be found in violation of applicable laws and codes.

22. Accordingly, the Custodianship should be terminated upon approval of the Agreement. The Custodian, in compliance with 11 U.S.C. §543(b), should be required to turn over the Alexandria Property and any funds held by her.

---

23.    The Debtors request the Custodian and her counsel be provided with seven (7) days to file their final fee notice, subject to previously established process in these cases [ECF # 79].

**THE AUTOMATIC STAY SHOULD BE MODIFIED
TO EFFECTUATE THE TERMS OF THE AGREEMENT**

24.    In the event the Court approves this Agreement, the Debtors, jointly with Vaknin and Holdings II, request to modify the automatic stay, and determine that the automatic stay no longer applies to efforts to terminate the Receivership over the Holdings II. As previously noted by the Court, the automatic stay is in effect as it pertains to the ability of the Custodian and the Custodianship to continue operating the Properties from **proceeds derived** from Holdings II's property.

25.    Given the foregoing request to terminate the Custodianship, and the City's agreement for non-Debtor, Holdings II, to seek to terminate the Receivership over its property, the Debtor believes sufficient cause exists, pursuant to 11 U.S.C. § 362(d)(1), to modify the automatic stay to permit the non-Debtor, Holdings II to request termination of the Receivership and turn over of the remaining non-Debtors owned property from the Receivership Court.

WHEREFORE, Debtor respectfully request the entry of an order (a) granting the Motion; (b) approving the Agreement between the Debtors, City and Vaknin; (c) terminating the Custodianship and requiring turn over of the Remaining Properties pursuant to 11 U.S.C. 543(b); (d) modifying the automatic stay to permit the Non-Debtor, Holdings at City II, LLC to seek termination of the Receivership and turn over of its property; and (e) for such other and further relief as the Court deems just and proper.

_____

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

Dated: December 6, 2018

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Attorneys for Debtors
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile:  (954) 920-5371

By:_____/s/_____
    IDO J. ALEXANDER
    Florida Bar No. 51892
    ija@lsaslaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on December 6, 2018, to all parties on via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
    Ido J. Alexander

---

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

**EXHIBIT "A"**
*(Settlement Agreement)*

**SETTLEMENT AGREEMENT**
**IN RE: MIAMI BEVERLY, LLC., ET AL**
**2018-14506, 14509, 14510, 14511, 14512 BKC LMI**

This Agreement (the "Agreement"), made and entered this ___ day of _____, 2018, by and between the City of Miami, Florida, a municipal corporation of the State of Florida ("CITY") and Miami Beverly, LLC., 1336 NW 60, LLC., Reverend, LLC. ("Reverend"), 13300 Alexandria Dr Holdings, LLC., The Holdings at City, LLC., (collectively, "DEBTORS"), The Holdings at City II, LLC ("City II, LLC") and Abraham and Denise Vaknin ("OWNERS").

**PREAMBLE**

**WHEREAS**, the CITY, DEBTORS and OWNERS desire to make a voluntary agreement to settle all claims and liens arising from the Final Judgment ("Final Judgment") entered on December 24, 2015, in state court case 2014-27781 CA 23 ("Receivership Case" or "State Court Case") for which the DEBTORS filed the bankruptcy proceedings, detailed below, as well as settle all claims and judgment associated with City II;

WHEREAS, the Receivership Case resulted in the appointment of Linda Leali, as a receiver (the "Receiver").

WHEREAS, on April 17, 2018, the Debtors commenced their bankruptcy proceedings under Title 11, Chapter 11 of the United States Code (the "Bankruptcy Code"), and their cases were jointly administered under lead case no. 18-14506-LMI, in the case Styled as In re Miami Beverly, LLC, et al. (the "Bankruptcy Case"), which is pending in the United States Bankruptcy Court for the Southern District of Florida.

WHEREAS, on June 14, 2018, the Bankruptcy Court entered an *Agreed Order Granting, in Part, Amended Motion Pursuant to 11 U.S.C. § 543(d)(1) to Excuse Receiver from Compliance With Turnover Requirements and to Establish Powers and Duties of Receiver* (the "Custodianship") *Nunc Pro Tunc to Petition Date* [ECF # 78] (the "543 Order").

WHEREAS, on October 5, 2018, the Bankruptcy Court entered an order approving the sale of the properties (detailed in the Agreement)[ECF # 195], and the closing of the sale took place on October 30, 2018 (the "Closing").

**NOW THEREFORE**, the CITY, DEBTORS, City II, LLC and OWNERS voluntarily and knowingly covenants and agrees to be bound by the terms listed herein:

SECTION 1.    RECITALS. The recitals and findings set forth in the Preamble of this Agreement are hereby adopted by reference and incorporated herein as if fully set forth in this Section.

SECTION 2.    EFFECTIVE DATE AND APPROVAL. The provisions of this Agreement shall become effective upon signature of the parties and approved by the bankruptcy court in a final non-

appealable order (the "Approval"). A copy of this Agreement shall also be filed in the Receivership Case as a stipulation.

SECTION 3. <u>TERMS</u>. The parties agree:

a. The properties owned by Miami Beverly, LLC., 1336 NW 60, LLC., and The Holdings at City, LLC., shall be sold to the Court approved buyer. The monies have been remitted to the CITY at around the date of Closing for the following properties (the "Properties"):

| | Debtor | Judgment Lien | Interest (10/24/18) | Total |
|---|---|---|---|---|
| i. | Miami Beverly, LLC. | $163,567.92 | $22,031.23 | $185,599.15 |
| ii. | 1336 NW 60, LLC. | $461,577.84 | $62,170.74 | $523,748.58 |
| iii. | The Holdings at City, LLC. | $598,632.81 | $80,631.32 | $679,264.13 |
| iv. | Total Due to CITY | | | **$1,388,611.80**[1] |

b. The following Debtor properties owned by Reverend, LLC., and 13300 Alexandria Dr. Holdings, LLC., shall be released as follows, upon Approval:

   i. Reverend, LLC.: Within three (3) business days of Approval, Reverend, LLC. shall deliver to CITY a Quit Claim Deed transferring ownership of the sole Reverend, LLC., real property to CITY as full satisfaction[2] of the Final Judgment against Reverend, LLC. City shall file an appropriate satisfaction of Final Judgment with respect to Reverend LLC.

   ii. 13300 Alexandria Dr. Holding, LLC. (the "Alexandria, LLC"): Alexandria, LLC and OWNERS shall retain the sole property owned by Alexandria, LLC, which is currently in compliance with all applicable City, County and State law to the best of the knowledge of both the City, Alexandria, LLC and the OWNERS. CITY shall file an appropriate satisfaction of the Final Judgment with respect to Alexandria, LLC.

   iii. CITY shall use its best efforts to support DEBTORS' efforts in the Bankruptcy Case to immediately and contemporaneously, with the approval of this Agreement, to terminate the Custodianship over the property owned by the Alexandria, LLC and Reverend, LLC and terminate the Receiver/Court appointed Custodian's [ECF #78] role in the Bankruptcy Case.

   iv. Alexandria, LLC., agrees that their sole property shall be maintained in compliance with all applicable laws. Alexandria, LLC., agrees that CITY shall have a right to access and inspect, with 72 hours' notice one (1) time per quarter, to insure compliance with all applicable laws. Alexandria, LLC., further agrees that should the property be cited for a violation of the Code of the City of Miami, Florida, as amended, involving health, safety and welfare, it shall have forty-five (45) days to comply the violation. If the violation is not complied, the case shall be set before the Code Enforcement Board ("Board"), or its equivalency, for hearing. Should the property be found guilty by the Board after the hearing, CITY shall have the right to bring the matter before the State Court Judge in the filed in the State Court Case as a violation of the agreement of the parties. CITY, OWNERS and Alexandria, LLC agree they shall file the settlement agreement pertaining

---

[1] With Interest Adjustment through date of Closing the total amount due and owed was $1,401,372.72. The City acknowledges that it has received a check for the foregoing amount and will deposit the check upon execution of this Agreement.

[2] The Final Judgment grants both permanent injunctive relief and monetary damages against the Debtors.

        to the Properties in State Court Case and that they will further agree the State Court Case maintain jurisdiction for purposes of enforcement for a period of two (2) years. The CITY may seek, pursuant to this Agreement, the reversion of the Alexandria, LLC sole property to the CITY's ownership. Acts of Force Majeure are excluded from this deadline, however, Alexandria, LLC must move in good faith to resolve any issues expeditiously. If it fails to do so, said actions will be a violation of the Agreement of the parties. To the extent the Alexandria, LLC elects to sell its sole property, this provision terminates upon closing and transfer of title as long as purchase is an arms-length transaction and OWNERS do not finance or provide financial assistance to purchaser.

  c. The Parties agree that the responsibilities and duties of the OWNERS and The Holdings at CITY II, LLC's., (City II, LLC), pursuant to the Receivership Order and Receivership Case, has been met by compliance of code violations. The Parties further agree that the Custodian/Receiver and her counsel were paid all past due amounts as of the date of Closing, and that any outstanding allowed fees thereafter are subject to Bankruptcy Court approval and will paid from proceeds of the sale. Upon full payment of all non-disputed fees and costs to the State court appointed Receiver and her counsel, as has been billed by those respective parties, that CITY II, LLC and the DEBTORS may move to have the Bankruptcy Court modify and otherwise lift the automatic stay such that City II, LLC's single property may be turned over in the State Court. CITY shall use its good faith effort to support this relief. The Parties further agree that once the automatic stay is lifted, a motion shall be filed in State court case number 2014-27781 CA 23, for release of that defendant, City II, LLC and its sole real property from receivership. All parties, including CITY, DEBTOR and the Court appointed Receiver shall be included in the notice of hearing for any argument before the State court judge. CITY shall not object to release of City II, LLC as long as conditions precedent of the State Court Receivership order have been met. CITY and OWNERS agree that OWNERS are in compliance with the State court order by payment of all non-disputed fees and by having complied with (a) all violations, (b) the sale of properties to an independent third party; (c) the transfer of title of the Reverend's property to CITY which shall occur upon approval of this Agreement. For purposes of this Agreement, it is noted that City II, LLC is owned by the OWNERS who own all other DEBTORS in this Agreement. City shall file an appropriate satisfaction of Final Judgment with respect to City II, LLC.

    SECTION 4. <u>ACCESS</u>. DEBTORS hereby agree that any official inspector of the City shall have the right any time to enter and investigate the use of the properties described above to determine whether or not the conditions of this Agreement are being met and for purposes of performing compliance inspections during the pendency of this case.

    SECTION 5. <u>EXTENSIONS/MODIFICATIONS</u>. No extension of the timeframes set forth by this Agreement shall be allowed without the express written consent of the CITY and the DEBTORS. This Agreement may be modified or amended as to any portion of this agreement by a written instrument executed by the CITY and the DEBTOR.

    SECTION 6. <u>NOT TRANSFERABLE</u>. This document is not transferrable, unless it is transferred to the reorganized debtors by virtue of a confirmed plan of reorganization in the bankruptcy case, without the express written consent of the CITY.

SECTION 7. <u>INSPECTION AND ENFORCEMENT</u>. This Agreement may be enforced by any means provided by law.  An enforcement action may be brought by the City by action in law or in equity against any party or person violating or attempting to violate any covenants of this Agreement, either to restrain violations or to recover damages.  This Agreement does not prevent the City from enforcing any liens pursuant to City Code Chapter 2, Article X, "Code Enforcement." This enforcement provision shall be in addition to any other remedies available under the law.

SECTION 8. <u>SEVERABILITY</u>.  Invalidation of any one of the provisions of this Agreement and Covenant by judgment of Court shall not affect any of the other provisions of this Agreement and Covenant, which shall remain in full force and effect.

SECTION 9.   <u>INDEMNIFICATION</u>.   <u>INDEMNIFICATION AND RELEASE</u>. DEBTORS, individually and collectively, OWNERS, and the VAKNINS, shall indemnify, hold harmless, and defend the CITY, its officials, officers, agents, directors, and/or employees, from all claims, expenses, injuries, actions, liabilities, damages, losses, judgments, costs, and attorney's fees whatsoever brought by the Receiver, regardless of fault, arising  out of or resulting from the Federal Bankruptcy or State Court cases, and/or the properties owned by DEBTORS and/or OWNERS, even if it is alleged that the conduct of the CITY, its officials and/or employees was wrongful and/or negligent. The duty of DEBTORS and OWNERS to defend, hold harmless, and indemnify shall survive the term of this Agreement and shall cover conduct occurring in the past and in the future.

DEBTORS, individually and collectively, OWNERS, and the VAKNINS, shall indemnify, hold harmless, and defend the CITY, its officials, officers, agents, directors, and/or employees, from all claims, expenses, injuries, actions, liabilities, damages, losses, judgments, costs, and attorney's fees whatsoever, arising  out of or resulting from the Federal Bankruptcy or State Court cases, and/or the properties owned by DEBTORS and/or OWNERS arising out of or related to the negligence or misconduct of parties other than the CITY. The duty of DEBTORS and OWNERS to defend, hold harmless, and indemnify shall survive the term of this Agreement and shall cover conduct occurring in the past and in the future.

The indemnifications provided above shall obligate DEBTORS, OWNERS, and VAKNINS to defend, jointly and severally, at its/their own expense, to and through all appellate, supplemental or bankruptcy proceeding, any claim filed against the CITY, its officials, officers, agents, directors, and/or employees.  OWNERS shall have the right to select the attorney or attorneys in consultation with the CITY to resolve said action at their sole cost and expense.

This indemnity will survive the cancellation or expiration of the Agreement. This indemnity will be interpreted under the laws of the State of Florida, including without limitation and interpretation, which conforms to the limitations of §725.06 and/or §725.08, Florida Statutes, as applicable.

DEBTORS, OWNERS, and VAKNINS release and forever discharge the **CITY OF MIAMI**, its officials, officers, agents (excluding the receiver and her attorneys), directors, and/or employees, from any and all claims, demands, causes of action, damages, expenses, injuries, actions, liabilities, losses, judgments, costs, and attorney's fees whether in the nature of subrogation or otherwise, arising from any act or occurrence from the beginning of time through the present, on account of, or in any way arising out of the Federal Bankruptcy or State Court cases, and/or the properties owned by DEBTORS and/or OWNERS.

SECTION 10. <u>MISCELLANEOUS PROVISIONS</u>. This Agreement shall be construed and enforced according to the laws of the State of Florida.  Venue in any proceedings between the parties shall be in Miami-Dade County, Florida.  Each party waives any defense, whether asserted by motion or pleading, that the aforementioned courts are an improper or inconvenient venue.  Moreover, the parties' consent to the personal jurisdiction of the aforementioned courts and irrevocably waive any objections to said jurisdiction.  The parties irrevocably waive any rights to a jury trial.  Title and paragraph headings are for convenient reference and are not a part of this Agreement.  No waiver or breach of any provision of this Agreement shall constitute a waiver of any subsequent breach of the same or any other provision hereof, and no waiver shall be effective unless made in writing.  This Agreement constitutes the sole and entire agreement between the parties hereto. The following representatives hereby acknowledge that they are duly authorized to enter into this Agreement and bind their respective agents.

*** Remainder Intentionally Left Blank ***

Signed, witnessed, executed and acknowledged on this _____ day of _____, 2018.

Witnesses:             **Miami Beverly, LLC**
                                               **Reverend, LLC**
_____    **1336 NW 60, LLC**
Signature                             **13300 Alexandria Dr Holdings, LLC**
                                               **The Holdings at City, LLC**
_____    **The Holdings at City II, LLC**
Print Name

                                               By:_____
                                               Name: Denise Vaknin
_____    As Owner and Individual
Signature

_____
Print Name

**STATE OF** _____
**COUNTY OF** _____

      The foregoing instrument was acknowledged before me by _____. He/She is ❑ personally known to me or ❑ has produced _____ as identification and who did take an oath.

      Witness my signature and official seal this ____ day of _____ 2018, in the County and State aforesaid.

                                              Notary Public State of _____.

                                              _____
My Commission Expires:            Print Name

Signed, witnessed, executed and acknowledged on this _____ day of _____, 2018.

Witnesses:

_____
Signature

_____
Print Name

                                        By: _____
                                        Name: Abraham Vaknin
                                        As Individual

_____
Signature

_____
Print Name

**STATE OF**     _____
**COUNTY OF**   _____

      The foregoing instrument was acknowledged before me by _____. He/She is ❑ personally known to me or ❑ has produced _____ as identification and who did take an oath.

      Witness my signature and official seal this ___ day of _____ 2018, in the County and State aforesaid.

                                          Notary Public State of _____.

                                          _____

My Commission Expires:               Print Name

**IN WITNESS WHEREOF,** the PARTIES have executed this Agreement as of the date set forth below.

ATTEST:                                                          CITY OF MIAMI, a municipal Corporation
                                                                 Of the State of Florida

_____        _____
Todd Hannon                  Date           Emilio T. González              Date
City Clerk                                  City Manager


APPROVED AS TO FORM AND
CORRECTNESS:

_____
Victoria Méndez              Date
City Attorney

STATE OF FLORIDA           )
                           )ss.
COUNTY OF MIAMI-DADE       )

                                            _____
                                            Signature of Notary Public


My Commission expires:                      _____
                                            Print Name