IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-14506-BKC-LMI

<u>Chapter 11 (Lead Case)</u>

IN RE:
MIAMI BEVERLY, LLC

| | |
|---|---|
| 1336 NW 60, LLC | Case No.: 18-14509-BKC-LMI |
| REVEREND, LLC | Case No.: 18-14510-BKC-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No.: 18-14511-BKC-LMI |
| THE HOLDINGS AT CITY, LLC | Case No.: 18-14512-BKC-LMI |

Debtors,

_____/

## **<u>IRON'S LAW GROUP's</u>**

## **<u>VERIFIED NOTICE AND CLAIM OF ATTORNEYS' CHARGING LIEN</u>**

## **ALL PARTIES TO THIS CAUSE AND ALL OTHERS WHOM IT MAY CONCERN**

## **ARE HEREBY CALLED UPON TO TAKE NOTICE THAT:**

The IRONS LAW GROUP, P.A., 14 NE 1st Avenue, Suite 1109, Miami, FL 33132, by and through its undersigned attorney, hereby files its Claim of Attorneys' Charging Lien pursuant to Florida law, whose address is 14 NE 1st Avenue, Suite 1109, Miami, FL 33132, in the exact amount which shall be determined at the conclusion of this action, but shall in no circumstance be less than fifty percent (50%) of whatever amount shall ever be recovered under the claim in this action, which is due, owing and unpaid as compensation for professional legal services rendered, expenses, and disbursements, in the above styled cause, on behalf of GADI SHUSHAN ("Creditor"), from March 7, 2018 through November 7, 2018, and all fees and costs incurred thereafter, upon all of the Creditor's right, title and interest in anything of value which

he may receive as a result of this action. The Creditor has assigned his claim to a new entity, Miami Development & Holdings, LLC (the "Assignee"), but the amounts due and owing for the legal services rendered shall be fifty percent (50%) of the value of any claim on behalf of the Creditor, whether received by the Creditor or the Assignee. This Attorneys' Charging Lien relates back to the date of retention referred to above and is superior in dignity to any other liens subsequent to that date, for the Creditor's claim which has now been assigned to the new entity Miami Development & Holdings, LLC.

DATED this 14th day of February, 2019.

_____
ERIC IRONS, ESQ., President

**STATE OF FLORIDA**

**COUNTY OF MIAMI-DADE**

The foregoing instrument was sworn to and acknowledged before me this 28th day of January 2019, by Eric Irons, President of Iron Law Group, P.A. who personally appeared before me and who:

[ ] is personally known to me

**WITNESS** my **HAND** and **SEAL** in the County and State aforesaid this 28th day of January 2019.

_____
Notary Public, State of Florida

Joanne F. Henry-Mills
**Print Name**

My Commission expires:
June 15, 2020


JOANNE F HENRY-MILLS
Commission # GG 2986
My Commission Expir·
June 15, 2020

I **HEREBY CERTIFY** that a true and correct copy of the following was emailed and mailed to attorney for Creditor and Assignee, Michael Hoffman, Esq., of Hoffman, Larin & Agnetti, email: mshoffman@hlalaw.com, via electronic means on this 28th day of January, 2019.

                                        Respectfully submitted,

                                        IRONS LAW GROUP, P.A.

/s/ _____
Eric Irons, Esq.
Florida Bar No.:
14 NE 1st Avenue, Suite 1109
Miami, FL 33132
Office: (786) 636-8938 ext. 104
Facsimile:
Email: eric@ironslawgroup.com

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*
eric@ironslawgroup.com
*(786) 636-8938*

March 7, 2018

**Gadi Shushan**

**RE:** *Engagement of our law firm, Irons Law Group, P.A. for legal representation.*

Dear Mr. Shushan:

Our law firm, Irons Law Group, P.A. ("the Firm") is pleased to serve as your counsel for the purpose of obtaining some form of recovery or benefit stemming from the agreement written between Gadi Shushan and Abe Vaknin (attached here as Exhibit A)(the "Matter"). Such recovery or benefit may be achieved through (i) resolving the contract dispute with Abe Vaknin and/or litigating your claim against 13300 Alexandria Dr. Holdings, LLC, et al., and/or (ii) negotiating a settlement with the City of Miami and/or making an appearance in the CITY OF MIAMI VS MIAMI BEVERLY LLC case and/or, (iii) negotiating with potential buyers, or (iv) through other means. The purpose of this engagement agreement is to set forth the scope of services and to provide you with the applicable billing rates and retainer requirements.

1) SCOPE OF LEGAL SERVICES. For purposes of this engagement, the Firm agrees to represent Gadi Shushan ("the Client") for purposes of assuming representation on behalf of and providing legal services with regard to the matter.

2) FEE ARRANGEMENT. Legal fees shall be billed as follows:

A. For the Matter, Client and the Firm agree that the employ of the Firm is upon a contingent fee basis, and if no recovery is made, Client will be not indebted to the Firm for any other sum for attorney fees and will only be liable for the costs indicated below in paragraph 3. If any recovery is obtained, along with the costs indicated below in paragraph 3, the amount owed to the Firm for legal fees will be as follows:

   a. For any recovery obtained prior to April 7, 2018, Thirty Five Percent (35%) of the accumulative amount of any recovery.
   b. For any recovery obtained on or after April 7, 2018, Fifty Percent (50%) of the accumulative amount of any recovery.

   For clarity, the term recovery also includes any form of benefit, whether in cash, cash equivalent, real property, personal property, a membership interest, a right to purchase real property or purchase a membership interest, or otherwise, conferred upon Client, that can in any way be associated with the alleged contract that Client had and/or work that Client invested with regard to the properties that are in the alleged contract (attached here as Exhibit A).

ב״ה

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*
eric@ironslawgroup.com
**(786) 636-8938**

Fees shall be payable within fourteen (14) days of the receipt of any invoice. Late fees will be assessed at an interest rate of 1.5% per month for which a Heter Iska shall be signed by the Client. It is understood that the hourly time charges include but are not limited to: preparation for and appearances at hearings and meetings, telephone conversations, office conferences, legal research, review of file materials and documents sent and received, and creating and implementing applications and other materials and overall strategy to obtain goals of the client.

3) FEE FOR COSTS. In addition to fees for services, you will be responsible for all costs incurred on your behalf which typically include court costs, deposition costs, travel expenses, and standard office costs such as postage, photo copying, facsimile charges, Westlaw or legal research charges, and long-distance telephone charges, as well as other costs incurred in this matter. You should be aware that disbursements and expenses that are incurred by the firm on your behalf will be billed to you with our statement of fees.

4) RETAINER. The Client has agreed to provide a non-refundable retainer of ~~$1,000.00~~ $500.00 [E/] to cover initial costs in connection with this matter. This fee shall be considered a retainer for our costs in connection with the preparation of said matter. [initials: S]

5) MONTHLY BILLING STATEMENT. Our statements will be submitted to you on a monthly basis. If no objection is made in writing to our statements within ten (10) days after the date of the mailing of the bill, all objections shall be waived, and the charges will be deemed agreed to by the Client whereby the full amount of the charges will be due.

6) CONFLICTS OF INTEREST. The Firm represents many other companies and individuals. It is possible that some of the Firm's present or future clients will have a dispute with the client during this engagement. Therefore, as a condition to the Firm's undertaking this engagement, the client agrees that the Firm may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to work performed on behalf of the Client. The Client's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of the Firm's representation of the client, the Firm has obtained sensitive, proprietary, or other confidential information in any such other matter by such Client to the material disadvantage of the Client.

7) AGREEMENT TO COMMUNICATE VIA EMAIL. Also, the Client acknowledges that (i) Irons Law Group, the Client, and others participating in this engagement may correspond or convey documentation via Internet email unless the Client expressly requests otherwise; (ii) no party has control over the performance, reliability, availability, or security of Internet email; and (iii) Irons Law Group shall not be liable for any loss, damage, expense, harm, or inconvenience resulting for the loss, delay, interception,

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*
*eric@ironslawgroup.com*
*(786) 636-8938*

corruption, or alteration or any Internet email due to any reason beyond Irons Law Group's reasonable control.

8) <u>CONTEMPORANEOUS ADVICE</u>. It is normal in the course of representing clients that we will give you advice in response to a question. Please remember that contemporaneous advice is given based on the facts presented by you and based upon our general knowledge of the law. Legal research and analysis could result in different advice. If you seek contemporaneous advice, please remember this limitation on that advice and use the advice accordingly.

9) <u>TERMINATION OF AGREEMENT</u>. You may terminate this agreement upon written notice to the undersigned at any time. Similarly, Irons Law Group may also terminate this agreement upon notification to the Client and subject to the Florida Rules of Professional Conduct. In addition, if at any time, Irons Law Group is unable to locate the Client, the firm may terminate all further representation by sending a letter to the Client's last known address. Any termination of our representation will not effect your obligation to pay for services and costs previously rendered. In the event Client terminates this agreement, or terminates the Firm from collecting on any given judgement account for any reason, the Firm shall be entitled to the agreed upon contingency fee as if the Firm had collected the full amount of the claim. Upon termination of our relationship, we agree to cooperate with any successor counsel to accommodate a smooth transition of representation.

10) <u>WITHDRAWAL FROM REPRESENTATION</u>. We reserve the right to withdraw from representing you if you have misrepresented or failed to disclose material facts to this firm, if we disagree about the course of action which should be pursued, if you fail to cooperate with us on a timely basis, or for any other reason permitted by the Florida Rules of Professional Conduct.

11) <u>DISPUTE RESOLUTION</u>. If for some reason our law firm is required to pursue any outstanding amounts owed by you, the law firm shall be entitled to recoup its reasonable attorney's fees and costs. Further, if there is a dispute regarding the payment of our fees and costs, or if any other dispute arises out of our representation of you, all parties agree that the sole and exclusive venue for resolving any dispute shall be in Miami-Dade County, Florida.

1) <u>RETAINING AND CHARGING LIEN</u>. If you retain a new attorney to conclude this matter, you would be required to immediately pay this firm for all of the attorney's fees and costs that it incurred, and if a new attorney successfully obtains a recovery on the judgment, the percentage of the recovery owed to the Firm per Section 2 of this Agreement will continue to be owed to the Firm as if the Firm had collected the full amount of the claim. This firm shall have a retaining lien on the case file as well as client funds or property in this firm's possession until all attorney's fees and costs are paid to

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*
*eric@ironslawgroup.com*
**(786) 636-8938**

this firm (i.e., payment would need to be received by this firm prior to it transferring the files to a new attorney).

12) COMMENCEMENT OF REPRESENTATION. Unless and until we receive the signed copy of this letter, along with the full initial retainer, an attorney-client relationship has not been formed.

13) WARRANTIES. The firm will competently and diligently represent the Client. Albeit, Client acknowledges that the Firm made no warranties to you as to the successful termination of the cause of action, and all expressions made by us relative thereto are matters of opinion only. In addition to the foregoing, the Firm has made no representations to you and you have not relied upon any representations which are not contained in this Agreement.

14) GOVERNING LAW. This engagement letter shall be interpreted and enforced in accordance with the laws of the State of Florida. The firm's services shall be governed by the State Bar Rules of Professional Conduct as adopted by the Supreme Court of the State of Florida.

15) COMPLETE AGREEMENT. This agreement shall constitute the entire agreement between us and may only be altered or amended by specific written agreement of the parties. The authorized signature below is your acceptance of the above terms. If this letter is consistent with your understanding of the scope and terms of our representation and our fee agreement, please sign and return the original to me for our files. This engagement letter is a binding legal document. Please keep an additional copy of this letter for your records.

I look forward to working with you on this matter. Feel free to contact me at any point with any questions or comments relating to these matters.

Very truly yours,

**SO AGREED AND CONSENTED TO:**

BY: _____
Name: **Gadi Shushan**

WITNESSED BY:

**EXHIBIT A**

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*
*eric@ironslawgroup.com*
*(786) 636-8938*

# EXHIBIT A

# IRONS LAW GROUP, P.A.

*14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132*

# IRONS LAW GROUP, P.A.
14 N.E. 1st Avenue, Suite 1109, Miami, FL 33132
eric@ironslawgroup.com
(786) 636-8938

To:

בס"ד

Sale agreement:

Seller: ABE Vaknin

Buyer: Galdi Shushan

The following Buildings and company's are been sold to Mr. Shushan as below:

Miami Holdings LLC II   16 unites   1558 NW 1st Ave — 43k/unite
    "    "       III  20 unites   1710 NW 1st Ct. — 43k/unite
Alexandria Apartments LLC   8 unites   1730 NW 1st Ct — 43k/unite
Miami Beverly LLC.   27 unites   1250 NW 62 St — 40k/unite
✱   — " —     24  "   1231 NW 61 St — 35k/unite
    — " —     21  "   6040 NW 12 Ave — 35k/unite
✱   1336 NW 60St LLC.  6  "   1335 NW 60 St. — 40k/unite
    — " —     6  "   1341 NW 60 St — 40k/unite
✱   Reverent LLC.   22  "   6820 NW 17 Ave — 35k/unite

"The agreement will start April 1st 2015 First Payment will start on April 15. The First 6 month the Payment will be 15k a month. After the 6 month the following One Year (12 month) will be paid 5% interest only. The rest of the 1 Year and six month the interest will be six month. The loan is a 3 Years Bullon mortgage. The rest of the terms will be as Crestwood Village agreement.

Abe Vaknin

/GADI SHUSHAN

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

In re Miami Beverly, LLC                                ,          Case No. 18-14506-LMI

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Miami Development & Holdings, LLC | Gadi Shushan |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
909 N. Miami Beach Blvd., #201, N. Miami Bch., FL 33162

Court Claim # (if known): **2**
Amount of Claim: **$3,144,595.00**
Date Claim Filed: **07/31/2018**

Phone: 3056535555
Last Four Digits of Acct #:

Phone: _____
Last Four Digits of Acct. #:

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Michael S. Hoffman, Esq.                       Date: 09/13/2018
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## ASSIGNMENT OF CLAIM AGREEMENT

**GADI SHUSHAN**, an individual, with the address identified below ("<u>Assignor</u>"), for good and valuable consideration, does hereby irrevocably sell, convey, transfer and assign to **MIAMI DEVELOPMENT & HOLDINGS, LLC**, a Florida limited liability Company ("<u>Assignee</u>"), with the address identified below ("<u>Assignee</u>"), all of Assignor's right, title and interest in and to the claim or claims of Assignor (collectively the "<u>Claim</u>" or "<u>Transferred Rights</u>") as follows:

a) Against Abe Vaknin, Denise Vaknin, the Defendants, and their principals, owners, directors, agents, officers, members, managers, and shareholders, in *Gadi Shushan v. 13300 Alexandria Dr. Holdings, LLC et al.*, Case No. 15-020526-CA-01 in the Circuit Court in and for Miami-Dade County (the "State Court Action") as related to, or arising from, the contracts and allegations which serve as the basis thereof and

b) Against Abe Vaknin, Denise Vaknin, the Debtors and their principals, owners, directors, agents, officers, members, managers, and shareholders in the bankruptcy of *In re: Miami Beverly, LLC et al.*, Case No. 18-14506-BKC-LMI in the United States Bankruptcy Court for the Southern District of Florida and related cases including *1336 NW 60, LLC* Case No. 18-14509-BKC; *Reverend, LLC* Case No. 18-14510-BKC; *13300 Alexandria Dr. Holdings, LLC* Case No. 18-4511-BKC; and *The Holdings at City, LLC* Case No. 18-14512-BKC (collectively the "Bankruptcy Action"), related to, or arising from, the contracts and allegations which serve as a basis for the State Court Action and related to, or arising from, any claims for potential claims which could be brought in the bankruptcy court.

c) Assignor also assigns to Assignee all rights and benefits of the Assignor relating to the Claim, including without limitation: (i) the Assignor's right to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, (ii) any actions, claims, rights or lawsuits of any nature whatsoever, whether against Debtor or any other party, arising out of or in connection with the Claim, and (iii) all cash, securities, instruments and other property which may be paid or issued by the Debtor in satisfaction of the Claim.

This assignment shall also be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and satisfaction, and shall not be deemed to create a security interest.

1. EFFECTIVE DATE. The "Effective Date" shall be the date upon full execution of this Agreement.
2. 
3.
    a)
    b)

G.S. Initials: _GS_   MDH, LLC Initials: ____                                    Page 1 of 3



c)

4.

a.

b.

5. **FURTHER ASSIGNMENT.** Assignor hereby acknowledges that Assignee may at any time reassign any or all of the Claim, together with all right, title and interest of Assignee in and to this Agreement. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and any such reassignment, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns of any party hereto; provided, however, that the obligations of Assignor and Assignee contained herein shall continue and remain in full force and effect until fully paid, performed and satisfied.

6.

7. **JURISDICTION.** The laws of the State of Florida shall govern this Agreement. Each party irrevocably submits to the exclusive venue and jurisdiction of the courts located in Miami-Dade County and agrees that any litigation relating to this Agreement shall be brought only in such courts.

8. **WAIVER OF JURY TRIAL.** The parties hereby irrevocably and unconditionally waive, to the fullest extent permitted by applicable law, any right that they may have to trial by jury of any claim or cause of action, or in any legal proceeding, directly or indirectly based upon or arising out of this agreement or the transactions contemplated by this agreement (whether based on contract, tort or any other theory). Each party (a) certifies that no representative, agent or attorney of the other party has represented, expressly or otherwise, that such other party would not, in the event of litigation, seek to enforce the foregoing waiver and (b) acknowledges that it and the other party have been induced to enter into this agreement by, among other things, the mutual waivers and certifications in this section.

G.S. Initials: _____ MDH, LLC Initials: _____                                                                Page 2 of 3

9. CONSENT AND WAIVER. Assignor hereby acknowledges and consents to all terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Bankruptcy Rule 3001(e), and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Claim. Assignee agrees to file a Notice of Transfer with the Court if required by any Federal Rules of Bankruptcy Procedure, including Rule 3001(e) (the "Notice of Transfer") including the Evidence of Transfer of Claim substantially in the form attached hereto as Exhibit A.

10. NOTICES. All demands, notices, consents, and communications hereunder shall be in writing and shall be deemed to have been duly given when sent via certified U.S. mail, postage prepaid-return-receipt requested, to the addresses identified herein, or such other address as may be furnished hereafter by notice in writing.

11. MISCELLANEOUS. This Agreement, together with any exhibits hereto, constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written. There are no warranties, representations or other agreements between the parties in connection with the subject matter hereof except as specifically and expressly set forth herein. This Agreement may be signed in counterparts, each of which shall be an original and all of which taken together shall constitute one agreement. No amendment of any provision of this Assignment shall be effective unless it is in writing and signed by the parties and no waiver of any provision of this Assignment, nor consent to any departure by either party from it, shall be effective unless it is in writing and signed by the affected party, and then such waiver or consent shall effective only in the specific instance and for the specific purpose for which given. The parties agree that they have had sufficient opportunity to consult with an independent legal counsel of its choice prior to discuss and/or review of the provisions herein and has either done so, or irrevocably waives doing so. The parties acknowledge that all legal representation and advice by the attorneys Assignee has selected to litigate these claims only affix an attorney-client relationship to Assignee and they have no attorney-client relationship with Assignor. All headings in this Agreement are for convenience and they form no part of this Agreement and shall not affect its interpretation. This Agreement may be executed in any number of counterparts, each of which shall be an original, and all of which shall together constitute one and the same instrument. Copies, facsimiles, and electronic signatures shall have the same force and effect as originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement by their duly authorized representatives on the dates indicated herein.

ASSIGNOR
Signed: _____ Dated: 7/31/18
GADI SHUSHAN
Address: 5845 SW 8th St Uiht 205 Miami 33134

ASSIGNEE
Signed: _____ Dated: _____
MIAMI DEVELOPMENT & HOLDINGS, LLC
Address: _____

G.S. Initials: GS   MDH, LLC Initials: _____                                Page 3 of 3

PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 18-14506-BKC-LMI
<u>Chapter 11 (Lead Case)</u>

IN RE:
MIAMI BEVERLY, LLC

| | |
|---|---|
| 1336 NW 60, LLC | Case No.: 18-14509-BKC-LMI |
| REVEREND, LLC | Case No.: 18-14510-BKC-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No.: 18-14511-BKC-LMI |
| THE HOLDINGS AT CITY, LLC | Case No.: 18-14512-BKC-LMI |

Debtors,
_____/

## ORDER APPROVING CHARGING LIEN

THIS CAUSE having come on to be heard upon the Motion IRON'S LAW GROUP, P.A., legal counsel for Creditor, GADI SHUSHAN ("Creditor"), to impose a charging lien on the claim of creditor for Gadi Shushan, which has been assigned to Miami Development & Holdings, LLC (the "Assignee"), by benefits due and owing to IRON'S LAW GROUP, P.A., and after being duly advised of an agreement between the law firm and Creditor, and otherwise being duly advised on the premises, it is hereby

ORDERED and ADJUDGED as follows:

1. IRON'S LAW GROUP, P.A. has performed legal services appropriate for a charging lien in the amount to which shall be determined at the close of this action, which shall be no less than fifty percent (50%) of the value of any claim on behalf of the Creditor and the Assignee, whether received by the Creditor or the Assignee, which the firm has not been paid.

2. By agreement, the Court enters a charging lien in favor of IRON'S LAW GROUP, P.A., and against the Creditor and Assignee's right, title and interest in any and all real estate and personal property within the jurisdiction of this Court, including the payment of the proceeds pursuant to the disposition of this action.

3. Jurisdiction is specifically reserved to enter such further orders as may become necessary to

implement this order.

DONE and ORDERED in Chambers at the UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA in Miami-Dade County, Florida on this \_\_\_\_\_ day of _____, 2019.

_____
Bankruptcy Court Judge

Copies furnished to:
Eric Irons, Esq.
Michael Hoffman, Esq.,