UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-14506-BKC-LMI |
| | Chapter 11 (Lead Case) |
| Miami Beverly, LLC, | |
| | Jointly Administered |
| 1336 NW 60, LLC | Case No. 18-14509-BKC-LMI |
| Reverend, LLC | Case No. 18-14510-BKC-LMI |
| 13300 Alexandria Dr. Holdings, LLC | Case No. 18-14511-BKC-LMI |
| The Holdings at City, LLC | Case No. 18-14512-BKC-LMI |
| Debtor. _____/ | |

**FORMER RECEIVER-IN-POSSESSION'S MOTION
TO EXTEND DEADLINE TO FILE CLAIM**

Linda Leali, the court-appointed Receiver (the "**Receiver**") in the matter styled *City of Miami v. Miami Beverly LLC, et al.* (Case No. 2014-027781-CA-01) in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida (the "**State Court**"), by counsel, hereby files this *Motion to Extend Deadline to File Receiver's Claims for Fees and Costs* (the "**Motion**") seeking entry of an order extending the 30 day deadline to file claims for fees and costs against the Debtors in this Court for an additional 30 days. In support of this Motion, Receiver states the following:

**Background**

1. The Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core matter pursuant to 28 U.S.C. § 157(b)(2). Predicates for the relief requested herein are 11 U.S.C. § 105, 345, 363, 364, 503(b), 1107, and 1108.

1

2. On October 29, 2014, the City of Miami filed a *Complaint for Injunctive Relief and Money Damages* against Defendants, on behalf of itself and the citizens of the City of Miami in order to enforce its City Code and protect the tenants residing within the Defendants' properties (the "**Receivership Properties**").

3. Thereafter, the City of Miami sought entry of a final judgment from the State Court. An Order Granting Default Final Judgment was entered on June 4, 2015 and a Final Judgment was entered on December 24, 2015 (collectively, the "**Final Judgment**").

4. In connection therewith, the City of Miami sought appointment of a Receiver over the Receivership Properties. At that time, the Receivership Properties had been plagued by years of gross mismanagement.

5. Based upon the evidence provided to the State Court at a hearing held June 4, 2015, the State Court determined that the Receivership Properties were in serious disrepair and threatened the health, safety, and welfare of the community.

6. On account of the State Court's June 4, 2015 determinations, by orders dated June 4, 2015 and June 10, 2015 (together, the "**Receivership Order**"), the State Court appointed Receiver as receiver regarding the Receivership Properties. Among other things, the Receivership Order authorized Receiver to manage the Receivership Properties and to seek to correct the various code violations.

7. The Receivership over the nine properties continued until Miami Beverly, LLC, 1336 NW 60, LLC, Reverend LLC, 13300 Alexandria Dr. Holdings, LLC, The Holdings at City, LLC (collectively these entities are in consolidated bankruptcy lead case no. 18-14506 and are referred as the "**Debtors**") filed bankruptcy on April 17, 2018. In the bankruptcy, the Bankruptcy Court entered its *Agreed Order Granting, in Part, Amended Motion Pursuant to 11 U.S.C. §*

*543(d)(1) to Excuse Receiver from Compliance with Turnover Requirement and to Establish Powers and Duties of Receiver Nunc Pro Tunc to Petition Date* (DE No. 78) excusing the turnover of the eight properties by the Receiver and leaving her to manage the properties as Custodian.

8. Certain of the Debtor Entities, Miami Beverly, LLC (title holder to 1250 NW 62 St, 1231 NW 61st, and 6040 NW 12th Avenue), 1336 NW 60, LLC title holder to 1335 NW 60 St. and 1341 NW 60 St.), and The Holdings at City LLC (title holder to 1710 NW 1 Ct.) sought and obtained an Order (DE No. 195)[1] of the Bankruptcy Court authorizing the sale of the six properties and a subsequent *Order Granting Debtors' Emergency Motion for an Order Releasing Certain Properties from Custodianship [ECF #78] in Order to Effectuate the Sale Pursuant to Court's Order Authorizing Sale of the Properties [ECF #198]* (DE No. 227) that released the six properties from the Custodianship and from all claims of the Receiver and her counsel with same to attach to the proceeds from the sale.

9. Thereafter the City and each of the Defendants and their owners reached a Global Settlement Agreement resolving all pending issues between them, including the Final Judgment, which was subsequently approved by Order of the Bankruptcy Court (DE No. 284) (the "**Settlement Approval Order**"). Pursuant to this Order, the Receiver turned over possession of the property located at 1730 NW 1st Court to the custody and control of the Debtor and turned over possession of the property located at 6820 NW 17th Avenue to the custody and control of the City of Miami.

---

1 See *Order Granting Joint Debtors' Expedited Motion for Entry of Order (A) Authorizing Private Sale of Real Properties Pursuant to 11 U.S.C. § 363, Free and Clear of all Liens, Claims, and Encumbrances; (B) Approving Purchase and Sale Contract and Authorization to Execute Any and All Documents to Effectuate Closing of the Sale; (C) Authorizing the Debtors to Assume and Assign Apartment Lease Contracts; (D) Approving Payment of Compensation to Proposed Broker/Auctioneer Associated with Transaction; (E) Shortening Required Notice Period.*

10. On February 4, 2019, the State Court entered an Order Granting Defendants' Motion for Entry of Order (A) Approving Agreement with City of Miami; and (B) Releasing Remaining Property; (C) Terminating Receivership, and (D) Directing Receiver to File Final Report and Accounting (the "**Termination Order**") approving the Global Settlement Agreement with respect to the property located at 1558 NW 1st Avenue and releasing this property to the possession of the owner. Attached as Exhibit "A" is a copy of the Termination Order. Pursuant to the Termination Order, the Receiver has 60 days to file any claims she may have against the non-debtor defendant, Holdings at City II, LLC.

## Relief Requested

11. The Settlement Approval Order allowed the Receiver 30 days, following entry of the Termination Order, to file claims for fees and costs, to the extent applicable against the Debtors. The Termination Order allowed the Receiver 60 days, following entry of the Termination Order, to file claims for fees and costs, to the extent applicable against the non-debtors related defendant. Because the operations of the properties since June 2015 were wholly integrated and necessarily many of the claims are interrelated, the Receiver requests that the Court extend the 30 day Bankruptcy Court ordered deadline to file claims for fees and costs against the Debtors to the 60 days as permitted by the State Court Termination Order.

12. The Settlement Approval Order also contemplated that any claims for fee enhancement against the Debtors may be determined by this Court, but to the extent the right exists, the Receiver could seek to have any fee enhancement claim adjudicated by the State Court. Because the State Court oversaw the receivership since June of 2015 and therefore has familiarity with the facts and issues to be raised in any fee enhancement claim to be made by the Receiver, the Receiver has determined it would be the best use of judicial resources to lodge

these claims in the State Court.2 Accordingly, by this Motion, the Receiver seeks authority from this Court to lodge her fee enhancement claims against the Debtors in the State Court for purposes of liquidation and not distribution. If a fee enhancement claim is awarded by the State Court against the Debtors, the Receiver would return to this Court for payment of any claim through the chapter 11 process.

13. The undersigned counsel certify that they attempted to contact counsel for the Debtors and the equity security holder to seek their position on the instant matter but, to date, have not received a reply.

WHEREFORE, for reasons outlined above, Receiver respectfully requests entry of an Order (i) extending the deadlines to file claims for fees and costs to a date which is 60 days after the Termination Order, i.e., April 5, 2019; (ii) authorizing the Receiver to seek to have her fee enhancement claims liquidated in the State Court and (3) granting any further or additional relief this Court deems necessary or appropriate.

Respectfully submitted on March 4, 2019.

        Messana, P.A.
        *Counsel for Linda Leali, Receiver*
        401 East Las Olas Boulevard, Suite 1400
        Fort Lauderdale, Florida 33301
        Telephone: (954) 712-7400
        Facsimile:  (954) 712-7401
        Email: tmessana@messana-law.com

        /s/ Thomas M. Messana
        Thomas M. Messana
        Florida Bar No. 0991422
        Chris Broussard
        Florida Bar No. 0095894

---

2 For the avoidance of doubt, Receiver's filed claims in the Bankruptcy Case will be adjudicated with the Bankruptcy Court.

# Exhibit A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CITY OF MIAMI,
    Plaintiff,

CASE NO. 14-027781-CA-23

v.

THE HOLDINGS AT CITY II, LLC, ET AL.,
    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION FOR ENTRY OF ORDER (A) APPROVING AGREEMENT WITH CITY OF MIAMI; AND (B) RELEASING REMAINING PROPERTY; (C) TERMINATING RECEIVERSHIP, AND (D) DIRECTING RECEIVER TO FILE FINAL REPORT AND ACCOUNTING**

THIS MATTER came before the Court for hearing on the Defendants' Motion for Entry of Order (A) Approving Agreement with City of Miami; (B) Releasing Remaining Property; (C) Terminating Receivership, and (D) Directing Receiver to File Final Report and Accounting (the "Motion") filed by Miami Beverly, LLC, 1336 NW 60, LLC, Reverend LLC, 13300 Alexandria Dr. Holdings, LLC, The Holdings at City, LLC (collectively these entities are in a consolidated bankruptcy lead case no. 18-14506 and are referred as the "Debtor Entities") and The Holdings at City II, LLC (the "Non-Debtor Entity"). The Court having considered the entire record in the matter, the Agreement between the City of Miami (the "City" and the Debtor and Non-Debtor Entities, having heard from counsel for the City, the Debtor and Non-Debtor Entities, and for Ms. Linda Leali, the Receiver (the "Receiver"), noting the Order entered by the Bankruptcy Court (the "BK Order") in the Debtor Entities' jointly administered bankruptcy lead case no. 18-14506-BKC-LMI (USBC-SDFL), *In re Miami Beverly, LLC*, granting stay relief, and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED as follows:

    1.    The Motion is GRANTED.

1

2. The Settlement Agreement among the City and the Debtor and Non-Debtor entities attached to the Motion is APPROVED subject to the terms of the BK Order as applicable. The Court retains jurisdiction to enforce terms of the Settlement Agreement.

3. The real property and improvements located at 1558 NW 1st Avenue, Miami, Florida 33136 owned by the Non-Debtor Entity is in full compliance with the applicable code provisions and laws of the City and shall forthwith be released and discharged and the Receiver shall turn over control and possession of the real property to the Non-Debtor Entity. The Receiver shall no longer collect rents whether pre or post entry of this Order from January 30, 2019 forward.

4. The receivership over all the Debtor and Non-Debtor Entities and their real properties is terminated.

5. The Receiver is authorized and directed to file a final report, including a final accounting within 30 days of entry of this Order (the "Final Report") and any party in interest shall have 14 days from the filing of the Final Report to file an objection or response to the Final Report.

6. Upon filing of the Final Report and resolution of any response or objection thereto, the Court shall enter a Final Order releasing and discharging the Receiver of her duties and responsibilities, thereupon the Receiver shall turn over the funds in her possession and control subject to retention of funds necessary to pay any outstanding invoices of the Receiver and her professionals.

7. The Receiver may file a lis pendens against the 1558 NW 1st Avenue, Miami, Florida 33136 solely for the purposes of securing payment of amount of fees awarded by the Court and to the Receiver's professionals and upon payment in full of all of the awarded amounts, the Receiver shall promptly file a release of lis pendens.

8. The Receiver and her professionals shall have 60 days from entry of this Order to file their final fee applications for services rendered in connection with the Receivership including any request for a fee enhancement or other claims she may have against the Non-Debtor Entity, and any parties in interest shall have 14 days to file objections or other claims they may have against the Receiver.

9. The Court will set the Final Report and fee applications including any request for a fee enhancement, if any response or objection thereto is filed for final evidentiary hearing.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 02/04/19.

BARBARA ARECES
CIRCUIT COURT JUDGE

No Further Judicial Action Required on THIS MOTION
CLERK TO RECLOSE CASE IF POST JUDGMENT

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.

Copies counsel of record