UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

MIAMI BEVERLY, LLC

CASE NO. 18-14506-BKC-LMI
Chapter 11 (Lead Case)

Jointly Administered

1336 NW 60, LLC
REVEREND, LLC
13300 ALEXANDRIA DR. HOLDINGS, LLC
THE HOLDINGS AT CITY, LLC

CASE NO. 18-14509-BKC-LMI
CASE NO. 18-14510-BKC-LMI
CASE NO. 18-14511-BKC-LMI
CASE NO. 18-14512-BKC-LMI

Debtors
_____/

**EMERGENCY MOTION TO APPROVE SETTLEMENT AGREEMENT
BETWEEN THE DEBTOR-IN-POSSESSION, MIAMI BEVERLY, LLC, LIBERTY
APARTMENTS, LLC, FREEDOM APARTMENTS, LLC, ABRAHAM AND DENISE
VAKNIN, AND CLAIMANTS, GAYNISHA WILLIAMS, NATHANAEL MARS, SHANNON
DANIELS, LAKEISHA CHATFIELD, AND LAKEISHA CHATFIELD ON BEHALF OF HER
<u>MINOR DAUGHTER T.C.</u>**

**EMERGENCY HEARING REQUESTED ON APRIL 5, 2019**

**Debtor, Miami Beverly, LLC, requests this Court conduct a hearing on the instant Motion on April 5, 2019, at 9:30 a.m., contemporaneously with the pre-scheduled confirmation hearing on the Debtor's *Corrected Second Amended Plan and Corrected Second Amended Disclosure Statement* [ECF # 329, 330, 331]. Approval of this Motion is critical and integral to Confirmation of the Plan.**

Debtor, Miami Beverly, LLC (the "Debtor"), by and through the undersigned counsel, pursuant to Fed. R. Bankr. P. 9019 and Local Rules 9019-1, moves (the "Motion") this Court for entry of an order approving the *Compromise and Settlement Agreement* (the "Agreement" or "Settlement") by and between Debtor and Liberty Apartments, LLC, a dissolved Florida limited liability company ("Liberty"), Freedom Apartments LLC, a dissolved Florida limited liability company ("Freedom"), and Mr. Abraham Vaknin and Mrs. Denise

---

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

48510750;1

Vaknin, each individually (the "Vaknins") (Debtor, Liberty, Freedom, and Vaknins, collectively, referred to as "Settling Parties"), and Claimants, Gaynisha Williams ("Williams"), Nathanael Mars ("Mars"), Shannon Daniels ("Daniels"), Lakeisha Chatfield ("Chatfield"), Lakeisha Chatfield on behalf of her minor daughter T.C. ("T.C.") (Williams, Mars, Daniels, Chatfield, and T.C., collectively, "Claimants"), and in support of the Motion states as follows:

## BACKGROUND

### The Personal Injury Claims

1. On May 22, 2015, the Claimants commenced their civil case (the "Complaint") against the Settling Parties in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the Case styled *Gaynisha Williams, et. al. v. Miami Beverly, LLC, et al.*, Case No. 15-011718-CA-01 (the "State Case"). On November 8, 2017, the State Case was removed to the United State District Court of the Southern District of Florida (the "District Court"), in the case styled as *Williams et al. v. Miami Beverly, LLC*, et al., Case No. 17—CV-24117-PCH (the "District Case").

2. On November 15, 2017, the Settling Parties filed their Answer and Affirmative Defenses [District Case, ECF # 4].

### The Bankruptcy Case, Claims
### and Objections Filed, and Settlement

3. On April 17, 2018, the Debtor commenced the above-captioned bankruptcy case.

4. The proof of claim deadline was August 20, 2018. On August 17, 2018, each of the Claimants filed their respective claims ("Claims" or "Claim") in the Bankruptcy Case, as follows:

5.

---

Leiderman Shelomith Alexander + Somodevilla, PLLC
Miami | Fort Lauderdale

48510750;1

| Claimant | Claim No. | Amount of Claim |
|---|---|---|
| Gaynisha Williams | 3-1 | $317,641.16 |
| Nathanael Mars | 4-1 | $267,641.16 |
| Lakeisha Chatfield | 5-1 | $317,641.16 |
| Shannon Daniels | 6-1 | $317,641.16 |
| Lakeisha Chatfield on behalf T.C. | 7-1 | $367,641.16 |
| | Total Claims: | **$1,588,205.80** |

The Claims included request for attorney fees and costs in the total amount for all of the Claims of $88,205.80 (the "Attorney's Fees").

6. On September 26, 2018, the Vaknins, and specifically, Denise Vaknin, as Equity owner of Beverly, by and through counsel, filed an Objection to the Claims of Williams, Mars, Daniels, Chatfield, and T.C. (the "Objection")[ECF # 169].

7. On March 26, 2019, Beverly (together with other jointly administered Debtors (to the extent applicable) filed its Joinder with the Objection (the "Joinder") [ECF # 343].

8. On March 21, 2019, the Debtor (together with its other jointly administered debtors) filed the *Correct Second Amended Plan of Reorganization* (the "Plan") [ECF # 329], and *Corrected Second Amended Disclosure Statement in Support of the Plan of Reorganization of the Joint Debtors* (the "Disclosure") [ECF # 330]. As part of the proposed Plan, Beverly proposed to include the Claims as part of a reserve amount to be set aside until such time as the allowance of the Claims is determined. A final hearing to approve the Plan and Disclosure is scheduled for April 5, 2019 ("Confirmation Hearing").

9. Debtor, joined by the other Settling Parties, and Claimants wish to resolve the Claims and other disputes by and between them.

10. Debtor believes that this settlement is in the best interest of the Debtor's

estate and that the Settlement is fair and reasonable and well within its sound business judgment.

11. The details of the analysis and settlement are set forth in the Agreement that is attached hereto as **Exhibit "A"**. **The Agreement shall govern any inconsistencies between this Motion and the Agreement.**

12. The Agreement includes resolution of the following issues:

   a. Determines the Claimants allowed Claims at the total allowed amount (including attorneys fees) of **$565,000.00 (the "Allowed Claims")**.

   b. Provides for the treatment of Claimants Allowed Claims as part of a Chapter 11 Plan proposed by the Debtor;

   c. Full mutual releases are exchanged by the parties; and

   d. Resolves all disputes between the Debtor and the Claimants, including as to the objections to the claims and confirmation, as well as the disputes between the Settling Parties and the Claimants.

13. The foregoing overview of the Agreement is included here for summary purposes only and is not intended to constitute a full recitation of the terms of the Agreement. Accordingly, review of the foregoing or this Motion should not be a substitute for review of the complete Agreement.

## LEGAL STANDARD FOR APPROVAL OF THE SETTLEMENT AGREEMENT

14. The Court has broad discretion to approve a settlement or compromise, and it should do so unless the proposed settlement falls below the lowest point in the range of reasonableness. *In re Bi-Coastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). The Eleventh Circuit has set forth the following factors that must be considered in determining whether to approve a settlement or compromise: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1548 (11th Cir. 1990), *cert. denied* 498 U.S. 959 (1990).

15. The Debtor believes consideration of the *Justice Oaks II* factors weights in favor of approval of the Agreement, as explained below:

   a. **Probability of Success.** Without admission of liability, the Debtor believes that the probability of success on the objection to the Claims is uncertain, and litigation will be lengthy and consume vast resources from the estate.

   b. **Collection.** The Debtor does not believe this factor is applicable to the analysis as this is a Settlement of Claims against the Debtor's estate.

   c. **Complexity of Litigation.** As mentioned above, the litigation would involve a contested trial on factual issues pertaining to the injuries sustained by the Claimants, as well as determination of punitive damages. The Agreement avoids litigation, which would not only save significant expense to the bankruptcy estate, but significantly speed up the Debtor's efforts to in connection with the pending approval of the Plan.

   d. **Interest of Creditors.** The Debtor believes that the settlement is in the best interest of the creditors and equity interest (given the solvency of the bankruptcy estate) in light of the savings to the estate, and the ability of the Debtor to use the funds as part of 1031 exchange contemplated in the Plan, as well as potential available funds for distribution to all parties in interest, including equity, given the solvency of the estate.

16. Based on the above, the Debtor believes all *Justice Oaks II* factors have been satisfied such that the Court should approve the Agreement.

[MOTION CONTINUES ON NEXT PAGE]

WHEREFORE, Debtor respectfully request the entry of an order (a) granting the Motion; (b) approving the settlement between the Debtor, and the rest of the Settling Parties, and the Claimants; and (c) for such other and further relief as the Court deems just and proper.

Dated: April 4, 2019

LEIDERMAN SHELOMITH ALEXANDER + SOMODEVILLA, PLLC
Bankruptcy Counsel for the Debtor-in-Possession, Miami Beverly, LLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile:  (954) 920-5371

By:_____/s/_____
　　　　IDO J. ALEXANDER
　　　　Florida Bar No. 51892
　　　　ija@lsaslaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on April 4, 2019, to all parties on via the Notice of Electronic Filing (which is incorporated herein by reference).

By:_____/s/_____
　　　Ido J. Alexander

**EXHIBIT "A"**
*(Settlement Agreement)*

## COMPROMISE AND SETTLEMENT AGREEMENT

On April 4, 2019, this compromise and settlement agreement ("the <u>Agreement</u>" or "<u>Settlement</u>") was made by Debtor, Miami Beverly, LLC (the "<u>Debtor</u>" or "<u>Beverly</u>"), Liberty Apartments, LLC, a dissolved Florida limited liability company ("<u>Liberty</u>"), Freedom Apartments LLC, a dissolved Florida limited liability company ("<u>Freedom</u>"), and Mr. Abraham Vaknin and Mrs. Denise Vaknin, each individually (the "<u>Vaknins</u>") (Debtor, Liberty, Freedom, and Vaknins, collectively, referred to as "<u>Settling Parties</u>"), and other side, Claimants, Gaynisha Williams ("<u>Williams</u>"), Nathanael Mars ("<u>Mars</u>"), Shannon Daniels ("<u>Daniels</u>"), Lakeisha Chatfield ("<u>Chatfield</u>"), Lakeisha Chatfield on behalf of her minor daughter T.C. ("<u>T.C.</u>") (Williams, Mars, Daniels, Chatfield, and T.C., collectively, "<u>Claimants</u>").  The parties to this Agreement are collectively referred to as the "Parties" or singularly as "Party."

## RECITALS

**WHEREAS,** on May 22, 2015, the Claimants commenced their civil case (the "Complaint") against the Settling Parties in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the Case styled *Gaynisha Williams, et. al. v. Miami Beverly, LLC, et al.*, Case No. 15-011718-CA-01 (the "<u>State Case</u>"), based on various personal injury claims detailed arising from the Claimants' tenancy at the Beverly owned real property;

**WHEREAS,** on October 19, 2017, the state court entered an Agreed Order Granting Claimants' Motion for Leave to File First Amended Complaint which included a demand for punitive damages;

**WHEREAS**, the Claimants hold personal injury claims against the Settling Parties;

**WHEREAS,** on November 8, 2017, the State Case was removed to the United State District Court of the Southern District of Florida (the "<u>District Court</u>"), in the case styled as *Williams et al. v. Miami Beverly, LLC*, et al., Case No. 17—CV-24117-PCH (the "<u>District Case</u>");

**WHEREAS,** on November 15, 2017, the Settling Parties filed their Answer and Affirmative Defenses [District Case, ECF # 4];

**WHEREAS** on April 17, 2018 (the "<u>Petition Date</u>"), Beverly filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, in the Case styled as *Miami Beverly, LLC, et al*., Lead Case No. 18-14506 (the "<u>Bankruptcy Case</u>"). The Bankruptcy Case is jointly administered with other related affiliated debtors;

**WHEREAS,** following the filing of a Suggestion of Bankruptcy, the District Court entered an order that stayed the District Court Case as against all of the Settling Parties, including Liberty, Freedom, and the Vaknins [District Case, ECF # 25];

**WHEREAS,** the proof of claim deadline in the Bankruptcy Case was August 20, 2018. On August 17, 2018, each of the Claimants filed their respective claim (the "<u>Claim</u>" and collectively the "<u>Claim</u>") in the Bankruptcy Case against the Debtor only (the Claimants did not file any claims in the Bankruptcy Case against the related debtors), as follows:

| **Claimant** | **Claim No.** | **Amount of Claim** |
|---|---|---|
| Gaynisha Williams | 3-1 | $317,641.16 |
| Nathanael Mars | 4-1 | $267,641.16 |
| Lakeisha Chatfield | 5-1 | $317,641.16 |
| Shannon Daniels | 6-1 | $317,641.16 |
| Lakeisha Chatfield on behalf T.C. | 7-1 | $367,641.16 |
|  | Total Claims: | $1,588,205.80 |

**WHEREAS,** the Claims include a request for attorney fees and costs in the aggregate amount for all the Claims of $88,205.80.

**WHEREAS**, on September 26, 2018, the Vaknins, and specifically, Denise Vaknin, as Equity owner of Beverly, by and through counsel, filed an Objection to the Claims of Williams, Mars, Daniels, Chatfield, and T.C. (the "Objection")[ECF # 169];

**WHEREAS,** on March 26, 2019, Beverly (together with other jointly administered Debtors (to the extent applicable) filed its Joinder in the Objection (the "Joinder") [ECF # 343];

**WHEREAS,** on March 21, 2019, the Debtor (together with its other jointly administered debtors) filed the *Corrected Second Amended Plan of Reorganization* (the "Plan") [ECF # 329], and *Corrected Second Amended Disclosure Statement in Support of the Plan of Reorganization of the Joint Debtors* (the "Disclosure") [ECF # 330]. As part of the proposed Plan, Beverly proposed to include the Claims as part of a reserve amount to be set aside until such time as the allowance of the Claims is determined. A final hearing to approve the Plan and Disclosure is scheduled for April 5, 2019 ("Confirmation Hearing");

**WHEREAS,** the Parties to this Agreement have determined, without admitting any fault or liability on the part of any of the Parties, and in order to avoid the significant cost, delay and risk of litigation and appeals, that it is in their mutual best interests to resolve the Claims as well as any and all claims and disputes that have arisen or could arise between and among them by entering into this Agreement;

**WHEREAS,** the purpose and intent of the Parties to this Agreement is to accomplish a complete and full satisfaction of any and all Claimants' claims against the Settling Parties

including the Claims against the Debtor, Liberty, Freedom, and Vaknins, as part of the global resolution of all issues by and among the Parties to this Agreement.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants, agreements, and releases referenced herein, and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Settling Parties and Claimants each agree and stipulate as follows:

## AGREEMENTS

1. The foregoing recitals are true and correct.

2. **Claim Allowance.** The Claimants shall each have an allowed general unsecured claim against the Debtor in the amount of $113,000 (the "Allowed Claim" collectively the "Allowed Claims")  The total amount of the Allowed Claims equals $565,000.00 which amount includes the settlement and payment in full of $65,000.00 in attorneys' fees and costs to Legal Services of Greater Miami (the "Attorney's Fees").  The Allowed Claims are as follows:

| **Claimant** | **Claim No.** | **Allowed Claim** |
|---|---|---|
| Gaynisha Williams | 3-1 | $113,000.00 |
| Nathanael Mars | 4-1 | $113,000.00 |
| Lakeisha Chatfield | 5-1 | $113,000.00 |
| Shannon Daniels | 6-1 | $113,000.00 |
| Lakeisha Chatfield on behalf  T.C. | 7-1 | $113,000.00 |
|  | Total Claims: | $565,000.00 |

This Agreement and payment of the Distribution Payment (defined below) shall resolve the Claims, the Objection, and the Joinder in the Objection, in full.

3. **Payment.** The Claimants' Allowed Claims shall be paid in full within two (2) business days after the entry of an Order confirming the Plan (the "Confirmation Order").  The Confirmation Order shall authorize and direct that Liberty 1031, LLC ("Liberty 1031"), who holds in trust pursuant to Order in the Bankruptcy Case the net proceeds from the sale *of inter alia* the Debtor's property (or as such other person as the Court may direct), to deliver the amount of $565,000.00 to the Claimants c/o Legal Services of Greater Miami, Inc. in full satisfaction of the Allowed Claims (the "Distribution Payment") by wire transfer pursuant to the wire instructions to be provided in writing to Liberty 1031 and Debtor's counsel which Distribution Payment shall be in full satisfaction of the Allowed Claims and Attorney's Fees.  This Agreement and the language of the Confirmation Order shall prevail over any contrary provision contained in the Plan.  For the purpose of clarification, this Agreement resolves the Allowed Claims and any other claims of any kind or nature of the Claimants against the Settling Parties, and for the avoidance of doubt, the

3

Distribution Payment shall be characterized for any applicable government authority as payment of a personal injury award in full and complete satisfaction of the Allowed Claims in the Bankruptcy Case.

4. **Subject to Bankruptcy Court Approval.** This Agreement is subject to the entry of an order approving this Agreement in the Bankruptcy Case (the "Approval Order"). The Settling Parties agree to use their best efforts to seek approval of this Agreement prior to the Confirmation Hearing. All rights of the Claimants are preserved pending entry of the Approval Order. In the event the Approval Order is not entered prior to the Confirmation Hearing on the Plan, the Claimants may seek to continue the Confirmation Hearing and shall be allowed to make objections to the Plan, Disclosure Statement, related motions and fee applications at the Confirmation Hearing notwithstanding their failure to file any written objections before any deadline.

5. **Confirmation of the Plan.** The Debtor shall announce this settlement on the record at the Confirmation Hearing as a modification of the Plan and shall incorporate in the Confirmation Order the terms of this Agreement. Claimants agree not to object to confirmation and through counsel shall announce at the Confirmation Hearing that the Claimants' support the Plan and confirmation.

6. **Release of Settling Parties by the Claimants.** Upon receipt of the Distribution Payment by Legal Services of Greater Miami, each of the Claimants, including Williams, Mars, Daniels, Chatfield and her daughter T.C. (by and through Chatfield), shall be deemed to release, relinquish, and forever discharge the Settling Parties, including Beverly, Liberty, Freedom, and their owners, Mr. Abraham Vaknin and Mrs. Denise Vaknin, each in their individual capacity and their capacity as owner or manager of Beverly, Liberty, their agents, servants, employees and successors, members, partners, shareholders, directors, officers, attorneys, assigns, grantees, transferees, heirs, and representatives from any and all claims, causes of action, demands, liabilities, complaints, and/or damages of any kind whatsoever, at common law, statutory, or otherwise, including without limitation any causes of action raised or that could have been raised in the State Case or the District Case, that have accrued at any time between the beginning of time through that the date of the Distribution Payment to Legal Services on behalf of each of the Claimants, whether or not the Claimants are aware of any such claims, causes of action, demands, liabilities, complaints, and/or damages.

7. **Release of the Claimants by Settling Parties.** Upon receipt of the Distribution Payment by Legal Services of Greater Miami, each of the Settling Parties shall be deemed to release, relinquish, and forever discharge the Claimants, their agents, servants, employees and successors, attorneys, assigns, grantees, transferees, heirs, and representatives from any and all claims, causes of action, demands, liabilities, complaints, and/or damages of any kind whatsoever, at common law, statutory, or otherwise, including without limitation any causes of action raised or that could have been raised in the State Case or the District Case, that have accrued at any time between the beginning of time through that the date of the Distribution Payment to Legal Services of Miami on behalf of each of the Settling Parties, whether or not the Settling Parties are aware of any such claims, causes of action, demands, liabilities, complaints, and/or damages.

8. **Dismissal with Prejudice of District Court Case.** Within five business days following receipt by Legal Services of Greater Miami of the Distribution Payment, the Parties shall

file in the District Court Case a voluntary dismissal with prejudice of the complaint. Each party shall bear their own attorney's fees and costs.

9. **No Admission of Liability.** Each of the Parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Agreement will not be construed to be an admission of any liability or facts whatsoever by any Party. If the Approval Order is not entered, then the terms of this Settlement shall be inadmissible as evidence in any court. It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise the disputed Claims, avoid litigation, and buy peace. The consideration hereunder is made in full and final settlement of all damages and claims both known and unknown.

10. **Costs Incurred.** Each Party to this Agreement shall bear its own costs and expenses as incurred, including without limitation, attorney's fees, costs of litigation, costs of court, and costs associated with the negotiation and drafting of this Agreement, except as included in the Distribution Payment and as may be awarded to the Debtor's professionals.

11. **Binding Obligation.** It is expressly understood and agreed that this Agreement will be binding on each Party and its beneficiaries, successors, heirs, and assigns and will inure to the benefit of each Party herein and its beneficiaries, successors, heirs, and assigns.

12. **Investigation, Legal Counsel, and Free Will.** Each Party to this Agreement represents and warrants that it has made, or had the opportunity to make (and declined to do so), a full and complete investigation of the circumstances and facts surrounding the subjects of this Agreement. Each Party to this Agreement further represents and warrants that it was aided by able legal counsel in its investigation and in its negotiation of, and entry into, this Agreement. Each Party to this Agreement further represents and warrants that it executes this Agreement of its own free will. The Parties expressly warrant that no promise or agreement which is not herein expressed has been made to them in executing this Agreement, and that none of the Parties is relying upon any statement or representation of any agent of the Parties being released hereby.

13. **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein, and this Agreement supersedes any and all prior agreements, representations, and understandings of the Parties, whether written or oral, that relate to the subject matter hereof.

14. **Amendment and Modification.** This Agreement cannot be amended or modified in any way except in a writing signed by each Party hereto.

15. **Signatures.** Each party shall have until April 12, 2019 in which to execute this Agreement. Legal Services of Greater Miami shall not distribute the Distribution Payment to the Claimants and itself for the Attorney's Fees until the Claimants have executed this Agreement and delivered to the Debtor copies of their respective signature pages. The Debtor shall file in the Bankruptcy Case copies of all signature pages on or before April 12, 2019.

16. **Severability.** If any one or more of the provisions contained in this Agreement is for any reason held to be invalid, illegal, or unenforceable in any respect, and the basis of the bargain between the Parties is not destroyed or rendered ineffective thereby, such invalidity, illegality, or unenforceability, to the extent possible, will not affect any other provision of this

5

Agreement. So far as is reasonable and possible, effect will be given to the intent manifested by the portion held invalid, illegal, or unenforceable.

17. **Governing Law.** This Agreement shall be interpreted in accordance with the laws of the State of Florida, except that any conflict-of-law provision of the State of Florida that may require application of the laws of some other jurisdiction shall be disregarded.

18. **Representations.** Each Party to this Agreement represents that they have the power and authority to enter into this Agreement; and the signatory to this Agreement has full authority to execute this Agreement on behalf of the stated Party.

19. **Preparation.** This Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties and shall not be construed against any party as a drafter.

20. **Counterparts.** This Agreement may be executed in multiple counterparts or copies and/or on separated signature pages and/or by E-mail scanned Adobe Acrobat PDF copies, any or all of which, when taken together, shall be deemed an original for all purposes.

21. **Headings.** Section numbers and titles have been set forth herein for convenience only; no section number or title may limit or extend the meaning or interpretation of any part of this Agreement, nor may any section number or title be used in the construction of any part of this Agreement.

**IN WITNESS WHEREOF,** the Settling Parties and Claimants have caused this Agreement to be executed and delivered as of the date first herein written.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK SIGNATURE PAGE FOLLOWS]**

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**SETTLING PARTIES:**

**MIAMI BEVERLY, LLC**

By: _____     _____
      **Denise Vaknin, Managing Member**                    **Date**

**LIBERTY APARTMENTS, LLC**

By: _____     _____
      **Denise Vaknin, Managing Member**                    **Date**

**FREEDOM APARTMENTS, LLC**

By: _____     _____
      **Denise Vaknin, Managing Member**                    **Date**

By: _____     _____
      **Denise Vaknin, Individually**                              **Date**

By: _____     _____
      **Abraham Vaknin, Individually**                          **Date**

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**CLAIMANT PARTIES:**

By: _____     _____
      **Gaynisha Williams, individually**                                                                        **Date**

8

By: _____  _____
    **Nathanael Mars, individually**　　　　　　　　　　　　　　　　**Date**


By: _____  _____
    **Shannon Daniels, individually**　　　　　　　　　　　　　　　　**Date**


By: _____  _____
    **Lakeisha Chatfield, individually**　　　　　　　　　　　　　　　　**Date**


**LAKEISHA CHATFIELD on behalf of minor daughter T.C.**


By: _____  _____
    **Lakeisha Chatfield on behalf of minor daughter T.C.**　　　　**Date**