UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | |
| | CASE NO. 18-14506-BKC-LMI |
| MIAMI BEVERLY, LLC | Chapter 11 (Lead Case) |
| | |
| | Jointly Administered |
| | |
| 1336 NW 60, LLC | CASE NO. 18-14509-BKC-LMI |
| REVEREND, LLC | CASE NO. 18-14510-BKC-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | CASE NO. 18-14511-BKC-LMI |
| THE HOLDINGS AT CITY, LLC | CASE NO. 18-14512-BKC-LMI |

Debtors.
_____/

**DEBTOR, MIAMI BEVERLY, LLC'S NOTICE OF FILING
EXECUTED SETTLEMENT AGREEMENT**

Debtor, Miami Beverly LLC, (the "Debtor'), by and through undersigned counsel, provides

notice of filing copy of executed Settlement Agreement, attached hereto as **Exhibit "A",** in

compliance with the terms of the settlement agreement and this Court's order approving the same

[ECF # 381]**.**

Dated: April 12, 2019

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
Counsel for the Debtor, Miami Beverly, LLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
        IDO J. ALEXANDER, ESQ.
        Florida Bar No. 51842
        ija@lsaslaw.com

# EXHIBIT "A"

## (Executed Settlement Agreement)

## COMPROMISE AND SETTLEMENT AGREEMENT

On April 4, 2019, this compromise and settlement agreement ("the Agreement" or "Settlement") was made by Debtor, Miami Beverly, LLC (the "Debtor" or "Beverly"), Liberty Apartments, LLC, a dissolved Florida limited liability company ("Liberty"), Freedom Apartments LLC, a dissolved Florida limited liability company ("Freedom"), and Mr. Abraham Vaknin and Mrs. Denise Vaknin, each individually (the "Vaknins") (Debtor, Liberty, Freedom, and Vaknins, collectively, referred to as "Settling Parties"), and other side, Claimants, Gaynisha Williams ("Williams"), Nathanael Mars ("Mars"), Shannon Daniels ("Daniels"), Lakeisha Chatfield ("Chatfield"), Lakeisha Chatfield on behalf of her minor daughter T.C. ("T.C.") (Williams, Mars, Daniels, Chatfield, and T.C., collectively, "Claimants"). The parties to this Agreement are collectively referred to as the "Parties" or singularly as "Party."

## RECITALS

**WHEREAS,** on May 22, 2015, the Claimants commenced their civil case (the "Complaint") against the Settling Parties in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in the Case styled *Gaynisha Williams, et. al. v. Miami Beverly, LLC, et al.*, Case No. 15-011718-CA-01 (the "State Case"), based on various personal injury claims detailed arising from the Claimants' tenancy at the Beverly owned real property;

**WHEREAS,** on October 19, 2017, the state court entered an Agreed Order Granting Claimants' Motion for Leave to File First Amended Complaint which included a demand for punitive damages;

**WHEREAS,** the Claimants hold personal injury claims against the Settling Parties;

**WHEREAS,** on November 8, 2017, the State Case was removed to the United State District Court of the Southern District of Florida (the "District Court"), in the case styled as *Williams et al. v. Miami Beverly, LLC,* et al., Case No. 17—CV-24117-PCH (the "District Case");

**WHEREAS,** on November 15, 2017, the Settling Parties filed their Answer and Affirmative Defenses [District Case, ECF # 4];

**WHEREAS** on April 17, 2018 (the "Petition Date"), Beverly filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida, in the Case styled as *Miami Beverly, LLC, et al.*, Lead Case No. 18-14506 (the "Bankruptcy Case"). The Bankruptcy Case is jointly administered with other related affiliated debtors;

**WHEREAS,** following the filing of a Suggestion of Bankruptcy, the District Court entered an order that stayed the District Court Case as against all of the Settling Parties, including Liberty, Freedom, and the Vaknins [District Case, ECF # 25];

**WHEREAS,** the proof of claim deadline in the Bankruptcy Case was August 20, 2018. On August 17, 2018, each of the Claimants filed their respective claim (the "Claim" and collectively the "Claim") in the Bankruptcy Case against the Debtor only (the Claimants did not file any claims in the Bankruptcy Case against the related debtors), as follows:

| Claimant | Claim No. | Amount of Claim |
|---|---|---|
| Gaynisha Williams | 3-1 | $317,641.16 |
| Nathanael Mars | 4-1 | $267,641.16 |
| Lakeisha Chatfield | 5-1 | $317,641.16 |
| Shannon Daniels | 6-1 | $317,641.16 |
| Lakeisha Chatfield on behalf T.C. | 7-1 | $367,641.16 |
|  | Total Claims: | $1,588,205.80 |

WHEREAS, the Claims include a request for attorney fees and costs in the aggregate amount for all the Claims of $88,205.80.

WHEREAS, on September 26, 2018, the Vaknins, and specifically, Denise Vaknin, as Equity owner of Beverly, by and through counsel, filed an Objection to the Claims of Williams, Mars, Daniels, Chatfield, and T.C. (the "Objection")[ECF # 169];

WHEREAS, on March 26, 2019, Beverly (together with other jointly administered Debtors (to the extent applicable) filed its Joinder in the Objection (the "Joinder") [ECF # 343];

WHEREAS, on March 21, 2019, the Debtor (together with its other jointly administered debtors) filed the *Corrected Second Amended Plan of Reorganization* (the "Plan") [ECF # 329], and *Corrected Second Amended Disclosure Statement in Support of the Plan of Reorganization of the Joint Debtors* (the "Disclosure") [ECF # 330]. As part of the proposed Plan, Beverly proposed to include the Claims as part of a reserve amount to be set aside until such time as the allowance of the Claims is determined. A final hearing to approve the Plan and Disclosure is scheduled for April 5, 2019 ("Confirmation Hearing");

WHEREAS, the Parties to this Agreement have determined, without admitting any fault or liability on the part of any of the Parties, and in order to avoid the significant cost, delay and risk of litigation and appeals, that it is in their mutual best interests to resolve the Claims as well as any and all claims and disputes that have arisen or could arise between and among them by entering into this Agreement;

WHEREAS, the purpose and intent of the Parties to this Agreement is to accomplish a complete and full satisfaction of any and all Claimants' claims against the Settling Parties

2

48513542;1

including the Claims against the Debtor, Liberty, Freedom, and Vaknins, as part of the global resolution of all issues by and among the Parties to this Agreement.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants, agreements, and releases referenced herein, and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Settling Parties and Claimants each agree and stipulate as follows:

## AGREEMENTS

1.      The foregoing recitals are true and correct.

2.      **Claim Allowance.** The Claimants shall each have an allowed general unsecured claim against the Debtor in the amount of $113,000 (the "Allowed Claim" collectively the "Allowed Claims") The total amount of the Allowed Claims equals $565,000.00 which amount includes the settlement and payment in full of $65,000.00 in attorneys' fees and costs to Legal Services of Greater Miami (the "Attorney's Fees"). The Allowed Claims are as follows:

| Claimant | Claim No. | Allowed Claim |
|---|---|---|
| Gaynisha Williams | 3-1 | $113,000.00 |
| Nathanael Mars | 4-1 | $113,000.00 |
| Lakeisha Chatfield | 5-1 | $113,000.00 |
| Shannon Daniels | 6-1 | $113,000.00 |
| Lakeisha Chatfield on behalf T.C. | 7-1 | $113,000.00 |
| | Total Claims: | $565,000.00 |

This Agreement and payment of the Distribution Payment (defined below) shall resolve the Claims, the Objection, and the Joinder in the Objection, in full.

3.      **Payment.** The Claimants' Allowed Claims shall be paid in full within two (2) business days after the entry of an Order confirming the Plan (the "Confirmation Order"). The Confirmation Order shall authorize and direct that Liberty 1031, LLC ("Liberty 1031"), who holds in trust pursuant to Order in the Bankruptcy Case the net proceeds from the sale *of inter alia* the Debtor's property (or as such other person as the Court may direct), to deliver the amount of $565,000.00 to the Claimants c/o Legal Services of Greater Miami, Inc. in full satisfaction of the Allowed Claims (the "Distribution Payment") by wire transfer pursuant to the wire instructions to be provided in writing to Liberty 1031 and Debtor's counsel which Distribution Payment shall be in full satisfaction of the Allowed Claims and Attorney's Fees. This Agreement and the language of the Confirmation Order shall prevail over any contrary provision contained in the Plan. For the purpose of clarification, this Agreement resolves the Allowed Claims and any other claims of any kind or nature of the Claimants against the Settling Parties, and for the avoidance of doubt, the

3

48513542;1

Distribution Payment shall be characterized for any applicable government authority as payment of a personal injury award in full and complete satisfaction of the Allowed Claims in the Bankruptcy Case.

4. **Subject to Bankruptcy Court Approval.** This Agreement is subject to the entry of an order approving this Agreement in the Bankruptcy Case (the "Approval Order"). The Settling Parties agree to use their best efforts to seek approval of this Agreement prior to the Confirmation Hearing. All rights of the Claimants are preserved pending entry of the Approval Order. In the event the Approval Order is not entered prior to the Confirmation Hearing on the Plan, the Claimants may seek to continue the Confirmation Hearing and shall be allowed to make objections to the Plan, Disclosure Statement, related motions and fee applications at the Confirmation Hearing notwithstanding their failure to file any written objections before any deadline.

5. **Confirmation of the Plan.** The Debtor shall announce this settlement on the record at the Confirmation Hearing as a modification of the Plan and shall incorporate in the Confirmation Order the terms of this Agreement. Claimants agree not to object to confirmation and through counsel shall announce at the Confirmation Hearing that the Claimants' support the Plan and confirmation.

6. **Release of Settling Parties by the Claimants.** Upon receipt of the Distribution Payment by Legal Services of Greater Miami, each of the Claimants, including Williams, Mars, Daniels, Chatfield and her daughter T.C. (by and through Chatfield), shall be deemed to release, relinquish, and forever discharge the Settling Parties, including Beverly, Liberty, Freedom, and their owners, Mr. Abraham Vaknin and Mrs. Denise Vaknin, each in their individual capacity and their capacity as owner or manager of Beverly, Liberty, their agents, servants, employees and successors, members, partners, shareholders, directors, officers, attorneys, assigns, grantees, transferees, heirs, and representatives from any and all claims, causes of action, demands, liabilities, complaints, and/or damages of any kind whatsoever, at common law, statutory, or otherwise, including without limitation any causes of action raised or that could have been raised in the State Case or the District Case, that have accrued at any time between the beginning of time through that the date of the Distribution Payment to Legal Services on behalf of each of the Claimants, whether or not the Claimants are aware of any such claims, causes of action, demands, liabilities, complaints, and/or damages.

7. **Release of the Claimants by Settling Parties.** Upon receipt of the Distribution Payment by Legal Services of Greater Miami, each of the Settling Parties shall be deemed to release, relinquish, and forever discharge the Claimants, their agents, servants, employees and successors, attorneys, assigns, grantees, transferees, heirs, and representatives from any and all claims, causes of action, demands, liabilities, complaints, and/or damages of any kind whatsoever, at common law, statutory, or otherwise, including without limitation any causes of action raised or that could have been raised in the State Case or the District Case, that have accrued at any time between the beginning of time through that the date of the Distribution Payment to Legal Services of Miami on behalf of each of the Settling Parties, whether or not the Settling Parties are aware of any such claims, causes of action, demands, liabilities, complaints, and/or damages.

8. **Dismissal with Prejudice of District Court Case.** Within five business days following receipt by Legal Services of Greater Miami of the Distribution Payment, the Parties shall

4

file in the District Court Case a voluntary dismissal with prejudice of the complaint. Each party shall bear their own attorney's fees and costs.

9.    **No Admission of Liability.** Each of the Parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Agreement will not be construed to be an admission of any liability or facts whatsoever by any Party. If the Approval Order is not entered, then the terms of this Settlement shall be inadmissible as evidence in any court. It is expressly understood and agreed that the terms hereof are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise the disputed Claims, avoid litigation, and buy peace. The consideration hereunder is made in full and final settlement of all damages and claims both known and unknown.

10.    **Costs Incurred.** Each Party to this Agreement shall bear its own costs and expenses as incurred, including without limitation, attorney's fees, costs of litigation, costs of court, and costs associated with the negotiation and drafting of this Agreement, except as included in the Distribution Payment and as may be awarded to the Debtor's professionals.

11.    **Binding Obligation.** It is expressly understood and agreed that this Agreement will be binding on each Party and its beneficiaries, successors, heirs, and assigns and will inure to the benefit of each Party herein and its beneficiaries, successors, heirs, and assigns.

12.    **Investigation, Legal Counsel, and Free Will.** Each Party to this Agreement represents and warrants that it has made, or had the opportunity to make (and declined to do so), a full and complete investigation of the circumstances and facts surrounding the subjects of this Agreement. Each Party to this Agreement further represents and warrants that it was aided by able legal counsel in its investigation and in its negotiation of, and entry into, this Agreement. Each Party to this Agreement further represents and warrants that it executes this Agreement of its own free will. The Parties expressly warrant that no promise or agreement which is not herein expressed has been made to them in executing this Agreement, and that none of the Parties is relying upon any statement or representation of any agent of the Parties being released hereby.

13.    **Entire Agreement.** This Agreement contains the entire agreement between the Parties regarding the matters set forth herein, and this Agreement supersedes any and all prior agreements, representations, and understandings of the Parties, whether written or oral, that relate to the subject matter hereof.

14.    **Amendment and Modification.** This Agreement cannot be amended or modified in any way except in a writing signed by each Party hereto.

15.    **Signatures.** Each party shall have until April 12, 2019 in which to execute this Agreement. Legal Services of Greater Miami shall not distribute the Distribution Payment to the Claimants and itself for the Attorney's Fees until the Claimants have executed this Agreement and delivered to the Debtor copies of their respective signature pages. The Debtor shall file in the Bankruptcy Case copies of all signature pages on or before April 12, 2019.

16.    **Severability.** If any one or more of the provisions contained in this Agreement is for any reason held to be invalid, illegal, or unenforceable in any respect, and the basis of the bargain between the Parties is not destroyed or rendered ineffective thereby, such invalidity, illegality, or unenforceability, to the extent possible, will not affect any other provision of this

48513542;1

Agreement. So far as is reasonable and possible, effect will be given to the intent manifested by the portion held invalid, illegal, or unenforceable.

17.    **Governing Law.** This Agreement shall be interpreted in accordance with the laws of the State of Florida, except that any conflict-of-law provision of the State of Florida that may require application of the laws of some other jurisdiction shall be disregarded.

18.    **Representations.** Each Party to this Agreement represents that they have the power and authority to enter into this Agreement; and the signatory to this Agreement has full authority to execute this Agreement on behalf of the stated Party.

19.    **Preparation.** This Agreement has been prepared by the joint efforts of the respective attorneys for each of the Parties and shall not be construed against any party as a drafter.

20.    **Counterparts.** This Agreement may be executed in multiple counterparts or copies and/or on separated signature pages and/or by E-mail scanned Adobe Acrobat PDF copies, any or all of which, when taken together, shall be deemed an original for all purposes.

21.    **Headings.** Section numbers and titles have been set forth herein for convenience only; no section number or title may limit or extend the meaning or interpretation of any part of this Agreement, nor may any section number or title be used in the construction of any part of this Agreement.

**IN WITNESS WHEREOF,** the Settling Parties and Claimants have caused this Agreement to be executed and delivered as of the date first herein written.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK
SIGNATURE PAGE FOLLOWS]**

48513542;1

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**SETTLING PARTIES:**

**MIAMI BEVERLY, LLC**

By: _Denise Vaknin_                      _April. 5. 19._
    **Denise Vaknin, Managing Member**        **Date**

**LIBERTY APARTMENTS, LLC**

By: _Denise Vaknin_                      _April. 5.19._
    **Denise Vaknin, Managing Member**        **Date**

**FREEDOM APARTMENTS, LLC**

By: _Denise Vakain_                      _April. 5.19._
    **Denise Vaknin, Managing Member**        **Date**

By: _Denise Vaknin_                      _April. 5, 19._
    **Denise Vaknin, Individually**           **Date**

By: _[signature]_                        _April 5, 19_
    **Abraham Vaknin, Individually**          **Date**

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**CLAIMANT PARTIES:**

By: _____             _____
    **Gaynisha Williams, individually**       **Date**

7

48513542;1

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**SETTLING PARTIES:**

**MIAMI BEVERLY, LLC**

By: _____          _____
    **Denise Vaknin, Managing Member**              **Date**

**LIBERTY APARTMENTS, LLC**

By: _____          _____
    **Denise Vaknin, Managing Member**              **Date**

**FREEDOM APARTMENTS, LLC**

By: _____          _____
    **Denise Vaknin, Managing Member**              **Date**

By: _____          _____
    **Denise Vaknin, Individually**                 **Date**

By: _____          _____
    **Abraham Vaknin, Individually**                **Date**

## SIGNATURE PAGE TO COMPROMISE AND SETTLEMENT AGREEMENT

**CLAIMANT PARTIES:**

By: _____          04 - 10 - 19
    **Gaynisha Williams, individually**             **Date**

48513542;1

By: _____    04/10/2019
    **Nathanael Mars, individually**                    **Date**

By: _____    04/10/2019
    **Shannon Daniels, individually**                    **Date**

By: _____    04/10/2019
    **Lakeisha Chatfield, individually**                    **Date**


**LAKEISHA CHATFIELD on behalf of minor daughter T.C.**

By: _____    04/10/2019
    **Lakeisha Chatfield on behalf of minor daughter T.C.**        **Date**

48513542;1