*Tagged Opinion*



**ORDERED in the Southern District of Florida on December 31, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| MIAMI BEVERLY, LLC, | Case No. 18-14506-LMI (Lead Case) |
| 1336 NW 60, LLC, | Case No. 18-14509-LMI |
| REVEREND, LLC | Case No. 18-14510-LMI |
| 13300 ALEXANDRIA DR. HOLDINGS, LLC | Case No. 18-14511-LMI |
| THE HOLDINGS AT CITY, LLC | Case No. 18-14512-LMI |
| | Jointly Administered |
| Debtors, | |
| _____/ | |

**ORDER DENYING MIAMI DEVELOPMENT HOLDINGS'
REQUEST FOR FEES AND COSTS**

This matter came before the Court upon the *Notice Of Fees Incurred In Connection With Eric Irons, P.A.'S Charging Lien* (ECF #450) (the "Notice") filed by creditor, Miami Development Holdings ("MDH") and the *Objection to Notice of*

1

*Fees Filed in Connection with Irons Law Group, P.A.'s Charging Lien* (ECF #451) (the "Objection") filed by the Irons Law Group ("Irons"). The Notice and the Objection thereto arise out of a charging lien dispute which the Court resolved in its *Order Granting Motion to Strike Charging Lien* (ECF #448) (the "Order"). In the Order, the Court reserved jurisdiction to consider an award of attorneys' fees and costs to counsel for MDH.

The Court has reviewed and considered the Notice and Objection. MDH seeks fees and costs pursuant to Fla. Stat. §57.105(7) based upon a fee provision in a contingency fee retainer agreement between Irons and Irons' former client, Gadi Shushan. However, MDH is not a party to that agreement. After engaging and subsequently terminating Irons, Mr. Shushan assigned his claim in this bankruptcy case on July 31, 2019, to MDH, pursuant to a Transfer of Claim Other than for Security (ECF #136).

In *Florida Community Bank, N.A. v. Red Road Residential, LLC*, 197 So.3d 1112 (Fla. 3d DCA 2016), the non-party wife of the guarantor on a commercial mortgage defended against a bank's mortgage foreclosure suit. The bank ultimately voluntarily dismissed the suit with prejudice and the guarantor's wife sought attorney fees under section 57.105 based upon the fee provision in the mortgage. The Third District Court of Appeal held that "[o]nly the parties to a contract may avail themselves of section 57.105(7)'s entitlement to attorney's fees." *Id.* at 1116.

Similar to the *Florida Community Bank* case, MDH is not an actual party to the contingency fee retainer agreement under which it seeks fees, accordingly,

there is no reciprocity under section 57.105 and MDH and its counsel are not entitled to reimbursement of its fees and costs.

For the foregoing reasons, it is ordered as follows:

**1.**	MDH's request for fees and costs is DENIED.

**###**

Copies provided to:
Michael Hoffman, Esq.

*Attorney Hoffman shall serve a copy of the signed order on all interested parties file a certificate of service.*